## A. McC. KIMBROUGH *v.* RAGSDALE & Co.

1. PLEADING. *Practice. Variance. Premature objection.*

   Where a petition to enforce a mechanic's lien is against two, jointly, in advance of the testimony, it is proper to overrule a motion to dismiss the suit on the ground that there is no joint liability.

2. VARIANCE. *How availed of. Objection to testimony.*

   A variance between the cause of action as stated in the pleadings, and that sought to be proved, can only be taken advantage of by objection to the testimony. Without such objection, the variance will not be considered on appeal.

3. INSTRUCTION. *Weight of evidence. Province of jury. Case.*

   Where there is a controversy as to whether goods were sold to defendant or another, plaintiffs' books showing that they were charged to such other for defendant, it is error to instruct that the manner of keeping the account was merely a matter of convenience for plaintiffs, "and does not change defendant's obligation to pay the debt sued on, if he owes the same." Such an instruction is on the weight of evidence. It is for the jury to say what effect, if any, is to be given to the manner of keeping the account.

FROM the circuit court of Leflore county.
HON. R. W. WILLIAMSON, Judge.

Appellees, Ragsdale & Co., filed their petition in a justice court against Walter Fuller, contractor, and A. McC. Kimbrough, owner, to enforce a lien for the price of materials furnished in the construction of a dwelling-house by the said Kimbrough. The petition averred a joint liability of the defendants under a verbal contract by which the materials were furnished. On the account bill of particulars filed with the petition, the materials were charged to "A. McC. Kimbrough, per Walter Fuller." The suit was dismissed in the

justice court as to Fuller, and petitioners recovered a judgment against Kimbrough, who appealed to the circuit court, where the case was tried anew. When the trial began, before the introduction of testimony, the defendant, Kimbrough, objected to the reading of the petition, and moved the court to dismiss the suit, because there was no joint liability of the defendants, as alleged in the petition. The motion was overruled, and defendant excepted. Thereupon the trial proceeded.

There was controversy as to whether the materials were furnished by Ragsdale & Co. to Fuller, the contractor, individually, or to Kimbrough. The testimony showed that, under the contract between Kimbrough and Fuller, the latter was to furnish the materials, and that Fuller had been paid by Kimbrough the full amount due him under the contract for building the house. The effort of the defendant, Kimbrough, was to show that, before the materials were delivered, plaintiffs had notice of the contract under which Fuller was to furnish the same. The testimony was conflicting as to this. The books of Ragsdale & Co. were in court, and, while they were not introduced in evidence, there was testimony in regard to the same. It was shown that the goods were charged on the books to "Walter Fuller, for Kimbrough." Ragsdale & Co. had an account against Kimbrough charged on the books, but the items constituting the debt in suit were not included therein.

On behalf of the plaintiffs two instructions were given to the jury, the second being as follows: "The court instructs the jury for plaintiffs that their books kept in the store was for their convenience, and that they had a right to keep them in any manner they saw proper to suit their convenience, and that the manner in which they were kept does not change defendant's obligation to pay the debt sued on, if he owes same."

Verdict and judgment for plaintiffs. Motion for new trial overruled. Defendant appeals.

*Calhoon & Green,* for appellant.

1. Substantially, the motion to dismiss the petition was a demurrer. Where the declaration states no cause of action, before our statute of jeofails, a motion in arrest would be proper. Here the motion was made before trial. Though liberal, the statute requires "the nature of the contract and indebtedness to be set out." Code 1880, § 1384.

2. It was error to give plaintiffs' second instruction. It is on the weight of evidence. It was a material fact that the goods were charged to Fuller on plaintiffs' books, and it was for the jury, and not the court, to decide as to the effect of the evidence. The entries on the books were evidence, on which a recovery might have been had against Fuller. *Book-out* v. *Shannon,* 59 Miss., 378. *A fortiori,* were the entries important evidence in this case, being admissions against the interest of plaintiffs.

3. The verdict should have been set aside. The petition averred a *joint* contract. The suit was then dismissed as to Fuller. The testimony of plaintiffs was to the effect that Kimbrough alone was liable. There is nothing in § 1134, code 1880, which permits the averment of a *joint* contract to be sustained by proof of a *several* one. If an indictment charges a sale of liquor to two, there is a fatal variance if the proof shows a sale to only one. *Tyler* v. *State, ante,* p. 395.

*A. H. Longino,* for appellees.

1. The petition was drawn in substantial compliance with § 1384, code 1880. Besides, its legal sufficiency could not be tested by an objection to its being read at the beginning of the trial.

2. As plaintiffs' books were in court, and were not introduced, the testimony in regard to the same was secondary and incompetent. Plaintiffs' second instruction was called for to counteract the misleading effect of this testimony, and it announces a correct rule of law, and is directly applicable.

3. The testimony was conflicting, and the verdict will not

be disturbed.    *Bank* v. *Moss*, 63 Miss., 74 and authorities cited.

Kimbrough's contract with Fuller was an independent matter between them, which does not affect appellant's liability to plaintiffs.

COOPER, J., delivered the opinion of the court.

The petition in this cause is based upon a sale to Fuller and Kimbrough jointly. The court properly overruled the motion to dismiss the petition, for it could not know that the contract, as stated, would not be proved. No objection was made to the evidence offered by the petitioner to establish the sale to Kimbrough alone. The slightest reflection should have suggested that in that way only can advantage be taken of a variance between the cause of action as stated in the pleadings, and that sought to be proved. Our code, § 1134, provides that one or more of several joint contractors may be severally sued, but it was never intended to permit a plaintiff to declare upon a joint contract, and recover upon a several one.

The second instruction for the plaintiff was directly upon the weight of evidence. The defendant was certainly entitled to have the jury determine whether the goods were charged upon the plaintiffs' books to Fuller alone, because he was the purchaser, or whether such entries were for the convenience only of plaintiffs. This was a question of fact, and not of law, and the court should not have expressed any opinion concerning its solution.

*Reversed, and remanded for a new trial.*