## WILDER *v.* HARRIS.

[72 South. 890.]

PARTNERSHIP. *Actions. Pleading and proof. Variance.*

> Where a declaration alleged that the defendants were partners in a contract for the purchase of land, but the testimony showed that the land was purchased by one of the defendants for himself alone, there was a variance between the pleadings and the proof and there could be no recovery, since a plaintiff may not declare upon a joint contract and recover upon a several one.

APPEAL from the circuit court of Sunflower county. HON. F. E. EVERETT, Judge.

Suit by Mrs. R. A. Wilder against F. M. & M. C. Harris. From a judgment on peremptory instruction for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*M. B. Grace,* for appellant.

*James L. Williams,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellant in this court was the plaintiff in the court below. Suit was filed in the circuit court of Sunflower county against F. M. & M. C. Harris for the recovery of five hundred dollars the amount of a draft given by F. M. Harris. The declaration alleged that F. M. & M. C. Harris purchased certain lands in Texas, through F. M. Harris, and that in partial payment of same F. M. Harris gave a draft for five hundred dollars on the Bank of Ruleville, signed ''F. M. & M. C. Harris, per F. M. H.'' When the draft reached Ruleville, under the direction of M. C. Harris payment was refused. The declaration alleges that the defendants were partners in the contract for the purchase of this land.

The testimony, however, shows that the land was purchased by F. M. Harris for himself alone. The court

granted a peremptory instruction for the defendants after the introduction of the testimony for the plaintiff. The contract sued on was a partnership contract; the proof showed it was the individual undertaking of F. M. Harris. There was a variance between the pleadings and the proof. It is well settled in this state that a plaintig may not declare upon a joint contract and recover upon a several one. *Miller* v. *Bank of Miss.*, 34 Miss. 412; *Kimbrough* v. *Ragsdale*, 69 Miss. 674, 13 So. 830. There is no merit in the contention of the appellees that the appellant has not sufficient interest in the draft to maintain this suit.

*Affirmed.*