### GREENE COUNTY *v.* SMITH.

Opinion delivered March 21, 1921.

1. TAXATION—TRUST ESTATE.—Where, under an instrument designated as a "declaration of trust," a trust estate was created for the purpose of acquiring oil and gas leases in a foreign State, the interest of the beneficiaries in leases so acquired was not subject to taxation in this State, under Crawford & Moses' Digest, § 9853, providing that investments in bonds, stocks, joint-stock companies, or otherwise, of persons residing in this State shall be subject to taxation; the term "or otherwise" referring to investments of the same class to which the specific words belong.

2. TAXATION—OIL AND GAS LEASES IN ANOTHER STATE.—An interest in oil and gas leases in another State must be deemed an interest in real property, and not taxable in this State, under Crawford & Moses' Dig., § 9792.

Appeal from Greene Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Jeff Bratton,* for appellant.

The finding and judgment of the circuit court is contrary to the law and the evidence. Under the Constitution 1874, art. 16, pars. 5, 6, 7, all property in this State is subject to taxation except certain specified exceptions and stock or shares in a trust estate like this one are not exempt from taxation. See Kirby's Digest, § 6873; *Ib.,* § 6872; 87 Ark. 484; act 147, Acts 1919, § 4; 43 Ark. 527. As to what is property, see 37 Cyc. 781, and as to the place of taxation, 37 Cyc. 805. The stock was subject to taxation. 41 Ark. 517. And in this State. 60 Ark. 473-4; 33 *Id.* 195; 24 Cyc. 1074; 119 Ark. 369.

*R. P. Taylor*, for appellee.

1.   There is no bill of exceptions in the case; it was not filed in time.   118 Ark. 6; 103 *Id.* 46; 58 *Id.* 110; 42 *Id.* 488, C. & M. Digest, § 1323.

2.   Appellants' failure to abstract the petition and evidence is fatal.   The stocks in the *declaration* of trust were not subject to taxation.   The doctrine of *"ejusdem generis"* forbids.   95 Ark. 114-16; 73 *Id.* 600-2; 105 Mass. 519.   Appellee was exempt from paying taxes in Arkansas on property in Texas.   249 U. S. 223; C. & M. Digest, § 9702; 64 Ark. 136.   A lease of coal beneath the surface is taxable.   105 Pa. 469.   See, also, C. & M. Digest, § 9856.   The lands were exempt.   97 Ark. 254; C. & M. Dig., §§ 750 to 771.   The land was taxable only in the State of the domicile of the owner.   The judgment is right.

WOOD, J.   Under a certain instrument designated as a "Declaration of Trust" a trust estate was created known as the "Commercial Lease Syndicate," with offices under that name in Paragould, Arkansas, and such other places as the trustees might designate.   The object of the trust, as declared in the instrument, was "to provide a trust in which various persons may have ownership rights, the assets of the trust to be managed by trustees, who shall be free from the direction of said persons having ownership rights, or any of them.   The persons having ownership rights shall be trust beneficiaries only, unaffected by any such relation as that of partnership or joint stock association."   It is declared that the property acquired shall be in the name of the Commercial Lease Syndicate as trustees, the property to be held for the benefit of the holders of trust certificates.   Two persons are named in the instrument as trustees, and it is declared, among other things, that they "shall have full power to do all things which in their judgment are necessary and prudent in the management and conduct of this trust."   It is declared that the business of the trust shall be the purchase, sale and exchange of oil, gas or mineral

leases or lands, or interests or rights in such leases and lands, and the development of such leases or lands. To this end the trustees are specifically authorized and empowered to buy, sell and exchange such oil, gas and mineral leases and lands and to develop such leases or lands. They (the trustees) "may sell and dispose of any part or portion of all the trust estate free and clear of any claim of any beneficiary of this trust or holder of trust certificates." The holders of trust certificates have the right "to receive the profits that may be apportioned and paid over by the trustees and to receive a proportionate part of the corpus of the trust estate at the time of the dissolution of the trust." The trustees have the power under the instrument to appoint a substitute or substitutes who shall succeed to the powers and duties of the persons named as trustees. The instrument was signed by the two persons named as trustees. The trust estate was valued at $14,000, and the interest of each beneficiary is to be represented by certificates showing that he is the owner of such proportion of the estate represented by the ratio of his share, which shall be $100 or some integral multiple thereof to $14,000. The instrument contains various other provisions which it is unnecessary to set forth.

The trustees issued to Griffin Smith a certificate showing that he was the owner of shares in the syndicate to the amount of $3,000. Before issuing the certificates of shares, the trustees named in the declaration of trust applied for and received from the State Bank Commissioner authority to sell shares in the property held in trust under the declaration. The board of assessors of Greene County assessed the certificate issued to Smith at $1,500. Smith instituted this action in the county court under the provisions of act 147 of the Acts of 1919, § 11, to have the assessment set aside. The cause was heard upon an agreed statement of facts in which it is set forth, among other things, that the property rights of Smith which he seeks to have exempted from taxation were evidenced by the declaration of trust above mentioned. The

agreed statement of facts contains this recital: "The only property in which the said Smith holds any beneficial interest or ownership whatever by reason of said declaration and certificates consists of oil and gas leases on real estate in the State of Texas." Other recitals are set forth in the agreed statement of facts, and the declaration of trust is made an exhibit to the agreed statement.

The county court sustained the assessment, and the circuit court, on appeal, entered a judgment setting aside and vacating the same, from which judgment Greene County prosecutes this appeal.

1. The instrument under review, designated as a "Declaration of Trust," is unique, but the beneficiaries under it are not stockholders in any corporation or joint stock company within the meaning of any of the provisions of chapter 38 of Crawford & Moses' Digest. The business arrangement set forth in the instrument between the beneficiaries and the trustees was one by which the trustees were to have the legal title to, and the sole right of management of, certain oil and gas leases on lands in the State of Texas, which the beneficiaries were to furnish the money to buy. These leases, when purchased, were to be held, developed, and otherwise managed by the trustees for the benefit of those who had invested their money therein. It is manifest, when the language of the trust instrument is considered as a whole, that it was not the purpose of the trustees or the beneficiaries to create anything like a joint stock corporation or company, or other artificial entity separate and apart from the real owners.

We conclude, therefore, that the individual interest or share of each beneficiary in the estate created by the declaration of trust, as evidenced by the certificates issued, is not subject to taxation under section 9853 of Crawford & Moses' Digest. See *Hoadley* v. *County Commissioners*, 150 Mass. 519; *Cropper* v. *Malley*, 249 U. S. 223.

Section 9853, *supra*, provides: "All property, whether real or personal, in this State, and all moneys,

credits, investments in bonds, stocks, joint stock companies, or otherwise, of persons residing therein, etc. * * * shall be subject to taxation.'' The words ''or otherwise,'' as used in that section under the rule of *ejusdem generis,* refer to the same class to which the specific words preceding belong. *Hempstead County* v. *Harkness,* 73 Ark. 600; *C., R. I. & P. Ry. Co.* v. *State,* 95 Ark 114-116.

2. The estate in which the appellee, under the trust declaration, owns an equitable interest is real estate situated in the State of Texas and is, therefore, not taxable in this State. Section 9792 of Crawford & Moses' Digest provides: ''The term 'real property and lands,' wherever used in this act, shall be held to mean and include not only the land itself, whether laid out in town lots or otherwise, with all things therein contained, but also all buildings, structures and improvements, and other fixtures of whatever kind thereon, and all rights and privileges belonging or in anywise appertaining thereto.'' For the purpose of taxation, a lease on land in Texas for oil and gas production is real property and not subject to taxation in this State. See *Union Compress Co.* v. *State,* 64 Ark. 136; *Consolidated Coal Co.* v. *Baker,* 12 L. R. A. (Ill.) 247.

The judgment of the circuit court is therefore correct, and it is affirmed.