BETTS *v*. HACKATHORN.

Opinion delivered June 25, 1923.

1. ASSOCIATIONS—AUTHORITY TO DO BUSINESS IN STATE.— General partnerships, joint stock companies, business trusts, and other associations may do business in this State under general laws and not under statutory restrictions applicable to limited partnerships and corporations.

2. TRUSTS—LIABILITY OF TRUSTEE.—A trustee is a principal, and not an agent for the *cestui que trust,* and hence is personally liable for any indebtedness growing out of transactions in relation to the trust estate.

3. BUSINESS TRUSTS—LIABILITY OF TRUSTEES.—Trustees of a business trust, doing business under a declaration vesting in them absolute authority over the trust business and property, are personally responsible for any indebtedness growing out of transactions in relation to the trust estate, though the declaration declares them exempt from personal liability.

4. PARTNERSHIP—INTENTION.—The test in determining whether a business is a partnership is to ascertain whether the parties intended one.

5. BUSINESS TRUSTS—LIABILITY OF SHAREHOLDERS.—Where a declaration of trust vests absolute control of the property and business in the trustees, shearing the shareholders or beneficiaries of all control .or management, the latter are exempt from individual liability to creditors, in the absence of anything in the instrument showing an intent to form a partnership or to cooperate in the business.

6. PARTNERSHIP—LANGUAGE OF INDENTURE.—Whether a partnership or business trust is created by an indenture. depends on the language and provisions thereof.

7. JOINT STOCK COMPANIES AND BUSINESS TRUSTS DISTINGUISHED.— The managers of a joint-stock company are agents of the shareholders, while the managers of a business trust are principals and the shareholders are *cestuis que trust.*

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; reversed in part.

*Gentry & Purkins,* for appellants.

The court erred in sustaining the demurrer to the answer. The instrument or agreement created a pure common-law, or "Massachusetts," trust, and not a partnership, and there is no individual liability of members for the .acts of the trustees. 249 U. S. 223; 102 N. E. 355; 88 N. J. Eq. 229; 39 R. S. 193; 107 Kan. 190; 41 L. R. A. (N. D.) 252; 225 S. W. 273. There is nothing to warrant the construction of this instrument as a partnership agreement. 137 Ark. 80; 138 Ark. 281; 87 Ark. 416; Sears on Trust Estates, 138 par. 90.

*E. F. McFadden,* for appellee.

Are the trustees or shareholders under a common-law declaration of trust liable as partners to creditors or other third persons, in the absence of a question of estoppel? Our cases seem to settle question in affirmative. 125 Ark. 146; 243 S. W. 66. Authorities on subject generally, "Common Law Trust," "Business Trust," "Trust Estate," "Massachusetts Trusts," Wrightington on Unincorporated Associations. (1917), Thompson on Business Trusts as Substitutes for Business Corporations (1920); Sears, Trust Estates as Business Companies (1921); 7 Am. Law Rep. 612, annotation "Massachusetts Trust," 10 Am. Law Rep. 887; 115 Am. St. Rep.

annotation 407. The trustees are individually liable.
110 U. S. 330, 28 L. ed. 163; Thompson on Business
Trusts, 3536. Shareholders as members liable to appellee.
*Doyle-Kidd* v. *Kennedy, supra.* Alleged trust only a
joint stock company. Association defined. Anderson's
Law Dictionary; Words & Phrases; 241 S. W. (Tex. Civ.
App.) 689; *Baker-McGrew Co.* v. *Union Seed & Fertil-
izer Co., supra;* 239 S. W. 1001; 262 Fed. 783; 242 S. W.
1091; 10 A. L. R. 743; 221 S. W. (Tex.) 251. All the ap-
pellants are liable as partners to third persons on the
grounds of public policy. 239 S. W. 1001; 25 Ark. 634; 32
Cyc. 1251; *Doyle-Kidd Dry Goods Co.* v. *Kennedy, supra.*
Regulation of Arkansas Corporations, § 1726, C. & M.
Digest, and also chapter 137; Sears on Trust Estates,
343; Thompson on Business Trusts, 18.

HUMPHREYS, J. Appellee instituted suit against ap-
pellant in the circuit court of Hempstead County to re-
cover $180 for goods sold and delivered to the Hope Oil
Trust, a concern doing business under a written declara-
tion commonly known as the "Massachusetts trust."
The suit is based upon an allegation that the Hope Oil
Trust is a partnership, and that appellants are members
thereof, and as such are individually liable for the indebt-
edness of the concern. The six appellants first named
were denominated trustees in the declaration. They
filed a separate answer, admitting the amount of the ac-
count and that the goods were sold to the Hope Oil Trust,
but denying individual liability, upon the ground that
they are exempted from liability under paragraph 21 of
the declaration, which in part is as follows:

"Every act done, power exercised, or obligation as-
sumed by the trustees, pursuant to the provisions of this
agreement, or in carrying out the trusts herein con-
tained, shall be held to be done, exercised, or assumed,
as the case may be, by them as trustees, and not as in-
dividuals, and every person or corporation contracting
with the trustees, as well as every beneficiary hereun-
der, shall look only to the fund and property of the trust

for payment under such contract, or for the payment of any debt, mortgage, judgment, or decree, or the payment of any money that may otherwise become due or payable on account of the trusts herein provided for, and any other obligation arising under this agreement, in whole or in part; and neither the trustees nor the shareholders, present or future, shall be personally liable therefor.''

The two last named appellants are shareholders, and filed a separate answer denying liability, upon the ground that, under the terms of the declaration, they are *cestuis que trust.* They claim exemption under paragraph 21, quoted above, and paragraphs 9 and 20, which are as follows: ''9. The trustees under this agreement shall have the sole legal title to all property, in any part of the United States of America, or in any foreign country, at any time held, acquired or received by them, as trustees under the terms of this agreement, or in which the shareholders under this agreement shall have any beneficial interest as such shareholders, and they shall have and exercise the exclusive management and control of the same, in any manner that they shall deem for the best interest of the shareholders, with all the rights and powers of absolute owners thereof.''

''20.  Shareholders hereunder shall not be liable for any assessment, and the trustees shall have no power to bind the shareholders personally.''

Demurrers were filed to the separate answers, and sustained by the court.  Appellants stood upon their answers and refused to plead further, whereupon the court rendered judgment against them, from which is this appeal.

The appeal involves the sole question of the personal liability of the trustees and certificate owners in the business operated under the trust declaration. The instrument is long, and it would unduly extend this opinion to set it out *in extenso,* a statement of the substance thereof being sufficient for the purposes of this cause. In

short, the instrument reflects that trustees associated themselves together for the purpose of selling certificates of stock in the name of Hope Oil Trust, and of using the proceeds for investment in securities and enterprises for the equal benefit of the shareholders. The trustees reserved the entire management and control of the business in themselves, the right to hold the title to all the property and dispose of same, and to elect their own successors in case of the resignation or death of either one of them. The indenture, in effect, provided that the trustees should be masters of the trust property, as well as the business, without suggestion, supervision, or interference on the part of the stockholders. No authority or power whatever was conferred upon the stockholders. In fact, all authority and control of the property and business was withheld from them. No provision was even made for a meeting of the stockholders at any time for any purpose. Under the terms of the declaration they were non-participants, save to share in dividends and profits that might be declared and distributed among them by the trustees. The paragraphs of the declaration exempting the shareholders from personal liability have been set out in full.

The statutes of this State provide for and regulate two kinds of business concerns, limited partnerships and corporations. The other business organizations operate in this State under the general law of the land, not under statutory protection and restrictions. General partnerships, joint stock companies, business trusts, and other associations are not prohibited from doing business in this State. With these preliminary remarks we proceed at once to determine whether the trustees and shareholders in the Hope Oil Trust are individually liable for the account sued upon. We will first determine the liability of the trustees.

A general rule in the law of trusts is that a trustee is a principal, and not an agent for the *cestui que trust.* It follows from this rule that the trustee and not the

*cestui que trust* is personally responsible for an indebtedness growing out of transactions in relation to the trust estate. The creditor's guarantee is the personal liability of the trustee. We see no reason why the trustees here should be exempt from this general rule. Their declaration exempting them from personal liability cannot prevent individual liability from attaching, as the law fixes the liability of trustees. According to the declaration, they are self-appointed trustees, with absolute authority over the trust business and property. The rule announced above is supported by the decided weight of authority, as will be seen by reference to the list of cases cited on page 46 of Sears on Trust Estates. It was said by the Supreme Court of the United States in the case of *Taylor* v. *Davis,* 110 U. S. 330, that: "When a trustee contracts as such, unless he is bound, no one is bound, as he has no principal. The trust estate cannot promise, the contract is therefore the personal undertaking of the trustee. * * * If a trustee contracting for the benefit of a trust wants to protect himself from individual liability on the contract, he must stipulate that he is not to be responsible, but the other party is to look solely to the trust estate." The trustees, under the terms of the indenture, interposed themselves as a shield between the stockholders and creditors, and for that reason are individually liable.

We next proceed to a determination of the liability of the shareholders. The declaration not only exempts the shareholders from individual liability in specific terms, but shears them of all control and management of the business. Paragraph 9 of the indenture makes the trustees absolute master of the property and business. The only right accorded to the holders of certificates of stock is to share in profits or dividends. They are in the attitude of one lending money to a partnership for a share of the profits in lieu of interest. A reading of the trust instrument in its entirety has convinced us that the shareholders are not associated with each other

and the trustees for the purpose of conducting a business in person or through agents for a profit. There is nothing in the instrument showing an intention on the part of the shareholders to enter into a copartnership, or an intention on the part of the trustees to cooperate with the shareholders in the conduct of the business. The test, after all, in determining whether a business is a partnership, is to ascertain whether the parties intended one. *Buford* v. *Lewis,* 78 Ark. 417; *Wilson* v. *Todhunter,* 137 Ark. 80; *Mehaffy* v. *Wilson,* 138 Ark. 281. Under the terms of the instrument the shareholders are *cestuis que trust,* and the instrument, in so far as they are concerned, creates a pure trust. Common-law trusts are generally recognized, and have been upheld by the weight of authority. *Williams* v. *Milton,* 102 N. E. 355; *Simson* v. *Klipstein,* 88 N. J. Eq. 229; *Rhode Island Hospital Trust Co.* v. *Copeland,* 39 R. I. 193; *Home Lumber Co.* v. *Hopkins,* 107 Kan. 190; *Wills Stone Mercantile Co.* v. *Grover* (N. D.), 41 L. R. A. 252; *Mayo* v. *Montz,* 151 Mass. 481; *Foster* v. *Barton,* 215 Mass. 31. Appellee insists that this court is committed to the doctrine that immunity from individual liability to shareholders in a business organization can be accomplished in Arkansas through the medium only of limited partnerships and corporations. In support of this contention two Arkansas cases are cited, in which the court held the members of the organizations liable as partners. *Doyle-Kidd Dry Goods Co.* v. *Kennedy,* 154 Ark. 573; *Baker-McGrew Co.* v. *Union Seed & Fertilizer Co.,* 125 Ark. 146 The declaration of trust in each of these cases was quite different from the declaration in the instant case. The question as to whether a partnership or strict trust is created by an indenture must depend on the language and provisions of the instrument involved in each case. In the Doyle-Kidd case this court ruled that the instrument created a joint stock company. There is a marked difference between a joint stock company and a pure business trust. In a joint stock company the managers are agents

for the shareholders. Not so in a business trust. The managers are principals, and the shareholders are *cestuis que trust.* In the Baker-McGrew case the indenture provided for shareholders to meet and elect trustees. In this way they were in a position to control and manage the business and property. We have not overlooked the case of *Greene County* v. *Smith,* 148 Ark. 33. In that case the question of the liability of shareholders to creditors or thirds persons was not involved, the only question involved being one of taxation.

The instrument in the instant case created a pure trust, in so far as appellants P. M. Simms and T. M. Kinser are concerned, and they are immune from individual liability.

The judgment is affirmed as to the trustees, and reversed and the cause remanded as to Kinser and Simms, with directions to overrule the demurrer to their answer and to proceed in accordance with this opinion.