## COLEMAN *v.* McKEE.

Opinion delivered January 28, 1924.

LICENSES—AUTHORITY OF DEALER TO SELL STOCK OF COMMON-LAW TRUST.—Under Crawford & Moses' Dig., § 750 *et seq.* and Acts 1923, p. 694, requiring licenses for the sale of stock of an "investment company" by a "dealer," the Bank Commissioner improperly refused a dealer's license to sell stock in a common-law trust, under the ground that the laws of the State did not authorize such an association.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Horace Chamberlin,* for appellant.

The instrument under consideration here created a trust, and its existence as a legal entity is not prohibited by the laws of the State. Appellant's application for a

dealer's license was made in conformity with the statute, C. & M. Digest, §§ 750-771. Section 751, *Id.,* specifically recognizes the existence of a trust, and names the person acting therefor as an investment company, if he shall himself, or through others, desire to sell, in this State, stocks issued by him. Appellee and his successor in office should be required to hear appellant upon the merits of his application.

*Gordon & Combs,* for appellee.

A company operating under a declaration of trust has no legal existence in this State, is not a legal entity, and cannot issue anything of value. 113 Pac. 447; 19 *Id.* 268; Ann. Cas. 1912-B, 1344; 99 Pac. 109; 181 N. W. 102, 12 A. L. R. 1060; 20 R. C. L. 882; *Id.* 912; 1 Purdy's Beach on Corporations, 162; 3 *Id.* 1397; 20 R. C. L. 1061; 10 Wall. 566, 19 L. ed. 1029; 20 R. C. L. 808; 203 Mass. 311; 133 A. S. R. 296; 60 N. H. 294; 49 Am. Rep. 313.

McCULLOCH, C. J. Appellant filed his application with the Bank Commissioner of this State on September 29, 1922, for the issuance to him of a dealer's license to sell shares of stock in an association of trustees doing business at Wichita Falls, Texas, under the name of Wichita Royalty Company. Appellant set forth in his application the trust agreement or declaration under which the association known as the Wichita Royalty Company was operating, and also stated that he was the owner of fifty thousand shares of the stock of said association, of the par value of one dollar per share, and desired to sell the same, and asked for a license from the Bank Commissioner to permit him to sell stock in this State.

A copy of the trust agreement, exhibited with appellant's application to the Bank Commissioner, and with the complaint in this action, shows that the agreement was a common-law trust, whereby the trustees undertook to operate the business specified in the agreement and pay dividends out of earned profits in proportion to the shares of stock issued to purchasers, and that the holders of stock should not incur any liability for the indebtedness

of the association. The Bank Commissioner refused to issue a license to appellant, on the ground that "the laws of the State of Arkansas do not authorize the legal existence of an association under a common-law agreement or declaration of trust, and for this reason the application is hereby denied without consideration of the merits of the securities sought to be sold," whereupon appellant instituted this action in the chancery court, as provided by the statute. Crawford & Moses' Digest, § 769.

The statute known as the "Blue-sky Law," under which this application to the Bank Commissioner was made, defines the term "investment company" and the term "dealer," and requires a license for the sale of stocks falling within that definition, and also provides a method of the issuance of license by the Bank Commissioner. Crawford & Moses' Digest, § 750 *et seq.*, and Acts of 1923, p. 694. The powers and duties under this statute were transferred from the Bank Commissioner to the Railroad Commission. The section of the statute defining "investment companies" reads as follows:

"Section 751. Every person, corporation, copartnership, company, or association (except those exempt under the provisions of this act), organized, or which shall hereafter be organized, in this State, whether incorporated or unincorporated, which shall either himself, themselves or itself, or by or through others, sell or negotiate for the sale of any contract, stock, bonds or other securities issued by him, them, or it, within the State of Arkansas, shall be known, for the purposes of this act, as a domestic investment company. Every such person, corporation, copartnership or association a resident of or organized in any other State, Territory or Government, shall be known, for the purposes of this act, as a foreign investment company." Crawford & Moses' Digest.

The section defining "dealer" is as follows:

"Section 758. Any person, firm, copartnership, corporation or association, whether domestic or foreign,

not the issuer, who shall, in this State, sell or offer for sale any of the stocks, bonds or other securities issued by any foreign or domestic investment company, except the securities specifically exempted in this act, or who shall, by advertisement or otherwise, profess or engage in the business of selling or offering for sale such securities, shall be deemed to be a 'dealer' in such securities within the meaning of this act, and no dealer within the meaning of this act shall sell or offer for sale any such securities, or profess the business of selling or offering for sale such securities, unless and until he shall have filed a list of the same in the office of the Bank Commissioner, as in this act provided. The term 'dealer' shall not include an owner, nor issuer, of such securities_ so owned by him, when such sale is not made in the course of continued and successive transactions of a similar nature, nor one who, in a trust capacity created by law, lawfully sells any securities embraced within such trust." *Id.*

The reason stated by the Bank Commissioner in refusing to grant a license to appellant is in direct conflict with the decision of this court in the recent case of *Betts* v. *Hackathorn*, 159 Ark. 621. We held that the trustees under a common-law trust may do business in this State under general statutes other than those regulating limited partnerships and corporations. Appellant's application was, however, presented to the Bank Commissioner and denied before our decision on this subject.

The section of the statute defining "investment companies" seems to embrace individuals and ordinary copartnerships as well as corporations and limited partnerships, but we need not undertake to decide now the extent of this statutory definition, for the reason that the securities sought to be sold by appellant in his application to the Bank Commmissioner fell within our decision in the case cited above.

We are of the opinion that the chancery court erred in refusing to grant relief against the wrongful refusal

of the Commissioner to issue the license. This decision, however, does not reach to the question of the merits of the case in determining the value and *bona fides* of the securities offered by appellant, which can be inquired into by the Railroad Commission on renewal of the application.

The decree of the court is therefore reversed, and the cause remanded with directions to enter a decree in favor of appellant, declaring his right to receive license upon proving to the Railroad Commission the value and *bona fides* of his securities, in accordance with the statute. It is so ordered.