Knox *v.* Henderson & Taylor.

(Division A. June 1, 1931.)

[135 So. 214. No. 29144.]

Chas. S. Mitchell, of Tupelo, for appellant.

Long & Maudlin, of Pontotoc, and S. H. Long, of Tupelo, for appellees.

Cook, J., delivered the opinion of the court.

This is a suit by real estate agents on an alleged oral extension of a written contract or option to sell certain real estate for a commission, and what is called "overage," being the excess of the sale price over the list price

at which they were authorized to sell, and from a judgment in favor of said agents, this appeal was prosecuted.

The written contract between the appellees and the appellant authorized the appellees to negotiate sales of any of the lands described therein, for a period of three months, and obligated the appellant to pay to the appellees a stated commission, and all amounts received in excess of the selling price fixed in the contract. The theory of the appellees throughout the trial in the court below was that this written contract was extended by an oral agreement between the parties, and that the commissions and amounts sued for were earned while the oral extension of the contract was in force; and the testimony offered by the appellees fully supported that theory.

The appellant's contention made throughout the brief of his counsel, that the declaration avers that the sales in question were made after the expiration of both the written contract and oral extension thereof, and, consequently, that the appellees must recover, if at all, on the case made by the declaration, and not upon a different theory or cause of action made by their proof, is not maintainable upon this record. Conceding that the language of the declaration is in this respect susceptible of the meaning attributed to it by the appellant, and that there was a variance between the cause of action as stated in the declaration, and that sought to be proved, advantage thereof can only be taken by objection to the testimony. Stier v. Surget, 10 Smedes & M. 154; Greer v. Bush, 57 Miss. 575; Illinois Central Railroad Co. v. Cathey, 70 Miss. 332, 12 So. 253; Kimbrough v. Ragsdale, 69 Miss. 674, 13 So. 830. In the case of Greer v. Bush, supra, it was held that the objection of variance must be explicitly raised before verdict in order that the court may determine the propriety of an amendment, and that asking instructions which do not admonish the court that the question of variance between the declaration and proof is intended to be raised, is insufficient for

479

the purpose. In the case at bar, if proper objection because of variance had been made before verdict, an amendment would have been allowable so as to conform the pleading to the evidence; and since this objection was not made, such variance cannot be made available here.

Upon the issues of fact made by the proof offered by the respective parties, the cause was submitted to the jury under instructions which, when considered together, one as modifying and supplementing the others, fairly and accurately stated the applicable principles of law. The verdict of the jury is supported by the evidence, and we think there is no reversible error in the instructions; consequently the judgment of the court below will be affirmed.

Affirmed.