ENOCHS & FLOWERS, LIMITED, *v.* ROELL.

(Division A.   April 23, 1934.)

[154 So. 299.   No. 31165.]

Green, Green & Jackson, of Jackson, for appellant.

46

Howie & Howie, of Jackson, for appellee.

**McGowen, J.**, delivered the opinion of the court.

J. A. Roell brought his action at law against Enochs & Flowers, Limited, as an association and partnership composed of E. G. Flowers, I. C. Enochs, Jr., Mrs. Mary E. Nugent, Mrs. Edwina E. Flowers, Miss Martha C. Enochs, and Mrs. Lucy E. Robinson, for damages, actual and punitive, based upon an alleged breach of an agreement of guaranty executed by Enochs & Flowers, Limited, in favor of Roell; the actual damages being the amount due on a note which Roell had indorsed payable to a bank, and which Roell had to pay, and Enochs & Flowers, Limited, had induced him to continue his indorsement by a written guaranty on which this suit is brought.

The allegation, in effect, was that the above-named individuals were liable as partners on the contract of guaranty. The agreement of guaranty, the note which had been paid by Roell, the declaration of trust executed by I. C. Enochs, Sr., to the above-named individuals as trustees, were all attached to the declaration as exhibits. The declaration sought a recovery on the same written agreement from F. O. Cambre whose name was signed thereto jointly with that of Enochs & Flowers, Limited. Cambre entered his appearance, but did not plead or

otherwise contest the suit. Enochs & Flowers, Limited, and the individuals named as constituting a partnership, filed special pleas in abatement setting up that in the declaration of trust there was a limitation of liability, and denying that there was joint and personal liability because, in effect, the declaration of trust was a pure trust. Another plea set up that there was a pending suit by which Roell might be paid the amount of the note.

A demurrer was sustained to these pleas. Thereupon all the defendants, except Cambre, filed two pleas of the general issue and gave notice of special matter thereunder based mainly upon a misjoinder of parties, because only Cambre and Enochs & Flowers, Limited, as a trust, were the proper parties, and throughout denied that the declaration of trust constituted a partnership, and stated that it was a pure trust commonly called a "Massachusetts trust."

Reply was made to the matter set up in the notice under the general issue.

After the evidence was heard, and after the court had settled the amount due on the note, including attorney's fees, and had given a general peremptory instruction directing a judgment in favor of Roell, and when the court had announced that a peremptory instruction would be given against the above-named individuals as defendants, except Cambre, they thereupon filed a special plea denying a partnership and liability as partners which plea was sworn to, and on which the plaintiff, Roell, did not join issue.

At the conclusion of the hearing, after taking the case under advisement, the court gave a peremptory instruction holding all the parties, except Cambre, liable as individuals. It does not appear in the record why the instruction did not embrace Cambre. Judgment was entered in acordance with this instruction.

The decision of this case turns largely upon the dec-

laration of trust, commonly denominated as a "Massachusetts trust." It was executed in 1917 to the above-named individuals as trustees, to run for a period of ten years with the privilege of an extension to twenty years. It was recorded in Pike county, Mississippi, and provided that the named trustees should have full control and management of the property of the trust estate, with the power to conduct the firm's business, make all contracts, obligations, undertakings, and assume all liabilities, in connection with the property of the trust estate, and that all contracts executed should be signed "Enochs & Flowers, Ltd.," by its president. The declaration of trust exempted both the cestuis que trustent and the trustees from personal liability, and bound only the trust estate as liable for the contracts of the association.

The declaration of trust provided that the association should be operated as Enochs & Flowers, Limited, that meetings of the trustees and beneficiaries, or cestuis que trustent and beneficiaries, or cestuis que trustent, should be held regularly, and provided that certificates should be issued to the cestuis que trustent practically the same as shares of stock in a corporation. It was executed by I. C. Enochs, Sr., and E. G. Flowers, and conveyed a vast amount of property to the trustees by separate deeds.

It was agreed that the business of Enochs & Flowers, Limited, was conducted at its office in Jackson, Mississippi, and that the trustees named in the instrument held all the certificates of ownership of the trust estate. In other words, these trustees and the beneficiaries were the same persons.

Roell testified, in effect, that, after he sold his stock in the Standard Lumber & Manufacturing Company, he continued to indorse a note which the lumber company owed to the bank, and that he continued to be an indorser on that note in consideration of the guaranty agreement executed by Enochs & Flowers, Limited, and Cambre.

The record shows that all contracts and obligations

executed by the president and secretary of Enochs & Flowers, Limited, were authorized by the declaration of trust and approved by the trustees.

Roell, according to testimony, was an accommodation indorser. Enochs & Flowers, Limited, declined to pay the note, and Roell paid it. He knew there was an association by that name, but it is not shown that he ever saw the declaration of trust. It was not recorded in Hinds county.

Enochs & Flowers, Limited, was not organized as a corporation, and neither is it a limited partnership under the statutes of this state.

The trust agreement provides that a certain majority of the cestuis que trustent or beneficiaries could, at regular meetings held annually, select a trustee to succeed any trustee who might die, or otherwise cease to be a trustee.

As we view this record, two propositions are presented for decision.

(1) The appellant contends that there is no individual liability of the defendants other than Enochs & Flowers, Limited, and Cambre.

(2) They urge that the court erred in rendering a judgment contrary to the undisputed evidence, in that Cambre is alleged and proven to be a point maker of the written agreement upon which recovery is sought.

In the case of State v. Edward Hines Lumber Co., 150 Miss. 1, 115 So. 598, we set out all the material contents of what is known as a "Massachusetts trust;" it being a form of business organization where property is conveyed to trustees and held and managed for the benefit of certificate holders, which certificates are, in all respects, like certificates of stock in a corporation, and the trust estate is managed by trustees for the benefit of the cestuis que trustent. We there held that it would be unnecessary to decide whether it should be classified as a partnership, a joint-stock company, or a pure trust.

All the statutes in this state were there cited which in any manner recognized such a trust, and it will not be necessary here to repeat them. The only question before the court there, and the only one decided, was whether or not the trust in the Hines Case violated the anti-trust statutes of his state. There was no effort there to classify the trust, or to decide any other question except its relation to our anti-trust laws.

These business trusts originated more than a half century ago in Massachusetts, where associations of persons entered into these agreements and operated business through trustees for the benefit of the members of the association. In that state, the question soon arose as those instruments came under review by its Supreme Court as to whether or not the associations were, in fact, pure trusts as operated, or, were partnerships, and there was evolved the following rule which seems to have been adopted as controlling by the majority of the courts of this country: If the trustees are principals and are free from the control of the certificate holders in the management of the property, a trust is created; but, if the certificate holders are associated together in the control of the property as principals and trustees, it is to be classified as a partnership. See Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949; Williams v. Milton, 215 Mass. 1, 102 N. E. 355; Frost v. Thompson, 219 Mass. 360, 106 N. E. 1009; Dana v. Treasurer & Receiver General, 227 Mass. 562, 116 N. E. 941; Priestley v. Treasurer & Receiver General, 230 Mass. 452, 120 N. E. 100.

The appellate courts of some states hold to the old doctrine that, where an association is neither incorporated under statute nor organized into a limited partnership according to statute, there can be exemption from liability, and that the individuals composing a trust as cestuis que trustent are individually liable notwithstanding a trust agreement. In other words, these

courts do not recognize the agreement contained in a trust that the makers thereof are not to be individually liable.

The appellees contend that the individuals composing the cestuis que trustent are liable for all obligations for two reasons: (a) The trustees and the cestuis que trustent are the same persons; and (b) the trust agreement, in plain terms, permits the cestuis que trustent to have the management or control of the association trustees, it being provided therein that all vacancies in the trustees shall be filled by the cestuis que trustent, which vacancies may be caused by death or failure to act.

We are of opinion that we are relieved from the necessity of declaring the position of this court as to any of the various views which we have set forth. There seems to be no contradiction in the books of the fact that a person may not constitute himself both trustee and beneficiary of the same trust estate, and that, when this is attempted there is no trust estate. In the case at bar, the parties have undertaken to set themselves up as a business trust, and have not accomplished the purpose intended by the trust agreement. The trust becomes a mere set of words, a form without substance. In the case at bar, the persons may not, by that device and by the use of the trade-name, Enochs & Flowers, Limited, escape personal liability to those with whom they deal, unless they, by contract, limit their liability. The agreement of guaranty in this case contains no limitation of liability. The firm or trade-name is simply signed thereto by the person authorized to sign. It is but a play upon words as to whether it is called a partnership or a trusteeship. The liability is the same and is unseparable and undivisible, except by limitation in the contract by which the liability sought to be enforced is created.

In 1 Perry on Trusts (2 Ed.), p. 11, it is thus stated: "But no person can be both trustee and cestui que trust at the same time, for no person can sue a subpoena against himself. Therefore, if an equitable estate and

a legal estate meet in the same person, the trust or confidence is extinguished for the equitable estate merges in the legal estate. As when a father holds the legal title to land in trust for an only child, and the father dies, such legal title descends to the child as only heir, and thus both estates meet in the same person. But both estates must be commensurate with each other, otherwise there can be no merger."

This rule was followed in the case of Neville v. Gifford, 242 Mass. 124, 136 N. E. 160, cited in the Columbia Law Review, vol. 23, p. 433, where occurs this statement: "The case of Neville v. Gifford [242 Mass. 124, 136 N. E. 160], is curious, in that the two trustees were also the owners of all the certificates of beneficial interest. Of course, in such circumstances there is no trust at all; the defendants were sole proprietors of the business in law and in equity, and it was unnecessary for the court to base their liability as 'shareholders' on the powers control reserved in the trust instrument"—citing Cunningham v. Bright, 228 Mass. 385, 117 N. E. 909.

In the case at bar, the cestuis que trustent and the trustees being the same persons, they are personally and individually liable.

But it is said that Roell had notice that they were not personally liable because of the recordation of the trust agreement in Pike county; it not being recorded in Hinds county. If he is to be held to constructive notice, he would be only bound to the knowledge acquired by the instrument, and we have determined that the legal effect of the trust agreement is to create individual personal liability, so that the question of notice is unavailing here in the absence of a specific contract.

In the light of the fact that all the beneficiaries—the certificate holders—were trustees, there could be no principal and agent, and no exclusive management of the trust estate by the alleged trustees. The word "trustee" in such a state of facts is a mere shadow. Then Roell's relation thereto, as a contract creditor, would be con-

trolled by the contract which the firm made with him, and he made no contract whatever relieving the alleged trustees from individual liability. The trustees made no effort, in their contract with him, to bind him by the so-called trust agreement inter sese. It would be a matter of actual knowledge and a contract, or such implied knowledge and contract, as would constitute the making of a contract on Roell's part with the trust agreement in view. This view is sustained by the cases of Goldwater v. Oltman, 210 Cal. 408, 292 Pac. 624, 71 A. L. R. 871; Betts v. Hackathorn, 159 Ark. 621, 252 S. W. 602, 31 A. L. R. 847; Hewitt v. Phelps, 105 U. S. 393, 26 L. Ed. 1072, and Frost v. Thompson, 219 Mass. 306, 106 N. E. 1009.

The case of McCarthy v. Parker, 243 Mass. 465, 138 N. E. 8, might be said to be contrary to this view, but an analysis of this case shows that the court was there dealing with actual knowledge of the lawyer suing the trust for fees connected with its operation, and that his contract of employment was made under such circumstances as to bind him to an agreement, in effect, not to hold the certificate holders individually liable. The court there applied a state statute as to partnership.

It is contended that the court erred, by its instruction, in not naming Cambre, whereby he escaped liability. As we see the case, there is no judgment relieving Cambre of liability and no judgment adjudicating the rights of Enochs & Flowers, Limited, on the one hand, and Cambre on the other. They signed the agreement of guaranty to Roell jointly, and their liability is equal. Under sections 2027, 2028, Code 1930, a creditor may elect to sue, compromise with, or release any one or more of his debtors, without affecting the right of the creditor.

A different case might be presented if those composing the firm of Enochs & Flowers, Limited, were only secondarily liable and Cambre was primarily liable. All of them were primarily liable to Roell.

There could be no question of res adjudicata in this

suit. There was simply a discontinuance of it as to Cambre. Therefore section 2854, Code 1930, has no application as to the liability of Cambre. He and Enochs & Flowers, Limited, are coequal. Cambre was not liable before Enochs & Flowers, Limited. Neither can it be said that Kimbrough v. Ragsdale, 69 Miss. 674, 13 So. 830, has any application, because sections 2027, 2028, Code 1930, permit suit to be brought against all, or either, and, if a creditor has the right to sue, certainly he is not required to prosecute his suit to judgment, if he does not so desire.

There is no merit in the contention that Roell failed to join issue on the sworn plea denying a partnership, for the reason that the verdict cures the writ, as set forth in section 600, Code 1930.

We desire to call the attention of counsel and the bar to the fact that we have not committed this court to either of the conflicting views now obtained in several jurisdictions in this country, and the decision here is limited to the narrow point decided.

Affirmed.