PATRICK GORMERLY, plaintiff in error, *vs.* WILLIAM D. CHAPMAN, defendant in error.

1. If the claimant has an equitable right to compel the plaintiff in execution to levy upon property still owned by the defendant, before levying upon land conveyed to him, he must allege it in his pleadings, to entitle him to such relief.

2. Where land is fraudulently conveyed by the defendant in execution to the claimant, for the purpose of defeating his creditors, such creditors may levy upon such property, in the first instance, and this right is not defeated by the fact that the defendant subsequently employed counsel to subject said land to the payment of his debts.

Claim. Equity. Execution. Levy and sale. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1873.

For the facts of this case, see the decision.

HENRY L. BENNING; M. H. BLANDFORD, for plaintiff in error.

E. H. WORRILL, for defendant.

WARNER, Chief Justice.

In August, 1866, Hall made a deed to the plantation on which he then lived to Gormerly. On the 30th July, 1870, the land was levied on as the property of Hall, to satisfy an execution in favor of Chapman against Hall, and was claimed by Gormerly. It does not appear who pointed out the property to be levied on. There is much evidence in the record going to show that the land was conveyed by Hall to Gormerly for the purpose of protecting it from Hall's creditors, and that Gormerly afterwards claimed the land for himself. The record exhibits a clear case of an intention on the part of both Hall and Gormerly to defraud the creditors of Hall. At the time the levy was made on the land claimed by Gormerly Hall had other lands in Talbot county. It was also proved on the trial of the claim case, by Hall, the defendant in exe-

cution, that he had employed Worrill & Forbes to represent his creditors, and had agreed to give them $500 00 to find the land levied on subject to his debts, because he wanted his just debts paid. The court charged the jury, "that if they believed from the evidence that Hall made the conveyance of the land in controversy to Gormerly with intent to delay or to defraud his creditors, and such intention was known to Gormerly at the time, then said deed of conveyance is void as to creditors, and the property therein conveyed is subject to the payment of plaintiff's *fi. fa.*, although Hall had other property at the time sufficient to pay the debt, and it made no difference if Hall did employ counsel in this case and agreed to pay them $500 00 to find the property subject." To this charge of the court the claimant excepted. The jury returned a verdict finding the land subject to the execution.

1. It was insisted on the argument that the plaintiff's execution should have been first levied on the other land of Hall before levying it on the property conveyed by him to Gormerly. If Gormerly, the claimant, would have had any equitable right to have compelled the plaintiff to have levied his execution on Hall's other land first, before levying it upon the land conveyed to him, he should have alleged it in his pleadings, under our practice, to have entitled him to that relief, which was not done in this case.

2. The jury, however, have found by their verdict, that the conveyance from Hall to the claimant was made with intent to delay and defraud his creditors, and that such intention was known to the claimant at the time, and there is an abundance of evidence in the record to sustain their verdict. The conveyance of the land to Gormerly being void as to Hall's creditors, they had the right to levy on it in satisfaction of their debts, notwithstanding Hall may have had other land. In view of the facts of this case, it made no difference if Hall did employ counsel and agree to pay them $500 00 to find the land subject. The effect of Hall's employing counsel to subject the land injured no one but Gormerly, his confederate in the fraud, and it does not lie in his mouth to

complain of it. The evidence does not show that there was any collusion between Hall and Chapman, his judgment creditor, to subject the property to his execution. Whilst the courts should be careful to see to it that neither of the parties to the fraudulent conveyance should enjoy any benefit from their own fraudulent conduct, so far as the rights of honest people are concerned, yet, so far as their own acts are concerned, in connection with the fraudulent transaction affecting no one's interest but their own, the courts will let them alone *severely.* We find no error in the charge of the court to the jury in view of the evidence contained in the record.

Let the judgment of the court below be affirmed.