THE MARIETTA AND NORTH GEORGIA RAILROAD *vs*. HILBURN.

Where the agent of the Marietta and North Georgia Railroad employed one to act as a guard for convicts, and subsequently hired the convicts to a firm, the latter assuming the responsibility of guarding them, the employé having no notice or knowledge of such change, the company was not thereby discharged from its

liability to him, and he would be entitled to recover from the company for his services until he was notified of the change in the contract.

(*a.*) It would make no difference that the agent of the company who contracted with plaintiff afterwards became the agent of the firm.

October 13, 1885.

Master and Servant. Contracts. Notice. Before Judge Brown. Cobb Superior Court. November Adjourned Term, 1884

Hilburn brought suit on an open account against the Marietta and North Georgia Railroad for services rendered and articles furnished and money paid out in 1878 and 1879. The plaintiff testified to the correctness of his account, and that he worked under one Eaves, the agent of the defendant, and made the expenditures for the company. The president of the defendant at the time the account was made denied that it was due by the company, and testified that the defendant held certain convicts turned over to it by the state, and that one Eaves was the general agent and manager; that in 1878, the convicts were turned over to Maddox & Co., who held them until May, 1879, under a contract that they were to pay all expenses and were entitled to the proceeds of their labor; that Eaves was superintendent for that firm after the making of the contract; that seventy-five convicts were hired to Eaves for the year 1879, under a contract by which he was to pay all expenses and a certain hire; that, as a sublease of the convicts under the state law could not be made without forfeiting the railroad's lease from the state, Maddox & Co. worked the convicts as agents of the company, and they and Eaves paid expenses of feeding, clothing, guarding, etc., and had what they could make after paying the railroad company for them under their contract, the company reserving the right to see that all orders of the governor or principal keeper of the penitentiary in relation to keeping and providing for the convicts

were complied with; and that Maddox & Co. and Eaves were agents for the road for that and for no other purpose.

The jury found for the plaintiff. Defendant moved for a new trial, which was refused, and it excepted.

W. M. SESSIONS, for plaintiff in error.

F. A. & R. C. IRWIN, for defendant.

JACKSON, Chief Justice.

The plaintiff in the court below sued the defendant for services rendered in guarding and otherwise attending to certain convicts turned over to defendant by the state, and recovered; thereupon, on the denial of a new trial, the defendant excepted.

The question made is, whether the Marietta and North Georgia Railroad Company is responsible for the services rendered, under the facts. The facts are that the agent of the company employed the defendant in error to do the work, and he entered upon his duties. Thereafter the company contracted with a firm to hire these convicts, and assume the responsibilities of guarding them, etc. Of this change of masters, the defendant in error had no notice or knowledge. The company insists that it was discharged from all obligation to pay the servant hired by its agent without giving that employé notice. The employé insists that he had the right to look to the company, because he contracted with its agent, and had no concern with the firm, and took no part in the contract with that firm, and had no notice of it. It is quite clear that such is the law of the case, and that the court below charged the jury correctly, and its finding for the employé against the employer, who employed him, must stand.

It makes no difference that the agent who employed Hilburn became afterwards agent of the firm who took the convicts off the hands of the company. When he contracted with Hilburn, he was the company's agent, and

it was bound to pay him until notified of the subsequent contract it had made with the firm. If, after notice or knowledge of the change of masters, he had worked, then the company's responsibility would have ceased, under its contract, but there is no evidence of such notice or knowledge brought home to him disclosed in the abstract or the record before us.

Judgment affirmed.