*Reversed and remanded.*

---

## Major Spann et al. *v.* Morrison R. Grant.

**Pleadings.** *Contracts. Joint. Several.*

> A plaintiff who declares upon a joint contract cannot recover upon a several one.

From the circuit court of Lauderdale county.

Hon. Guion Q. Hall, Judge.

Grant, appellee, was plaintiff, and Spann and others, were defendants in the court below. From a judgment in plaintiffs' favor against Major Spann and his wife, T. M. Spann, two of defendants, they appealed to the supreme court. The facts are stated in the opinion of the court.

*W. T. Houston* and *Miller & Baskin,* for appellants.

There cannot be any difference of opinion about the conclusion that the jury were bound to reach—that is, that if Oliver was not liable the Spanns were, so that the case was practically settled by the court's giving a peremptory instruction to find against the Spanns, although there was testimony showing that they were in no wise liable for any lumber or materials furnished by the plaintiff.

The lumber was ordered altogether by Oliver, used by Oliver, and charged on the plaintiffs' books to Oliver, and plaintiff received check from Oliver, and never undertook to collect the debt against the Spanns until after Oliver had broken down on the contract which he had entered into with the Spanns to construct the house.

All of the testimony is that the lumber was obtained from the plaintiff by Oliver, who was, at the time that he was engaged in the construction of the house for the Spanns in the construction of the Beeson House, and other houses; he was at this time buying lumber from the plaintiff to be used in the construction of the several houses then being constructed by him.

The case of *Kimbrough* v. *Ragsdale,* 69 Miss., 674, settles the question that the plaintiff, under his declaration in this cause, cannot and ought not to have had a verdict. In that case this court declared that a suit on a joint obligation would not authorize a recovery in severalty and this is on allfours with the case at bar, and should preclude the recovery by the plaintiff in this case.

The case of *Bloom* v. *McGrath,* 53 Miss., 249, also establishes the proposition that the Spanns cannot be held liable in this cause, because there was no writing by which they bound themselves to pay Oliver, and which had been by the plaintiff charged to Oliver on his books, and for which plaintiff had re-

ceived payments from Oliver for the lumber which went into the building.

*A. S. Bozeman,* for appellee.

The judgment should be affirmed for four reasons:

1st. Because there was no variance.

2d. Because in a suit of this kind, on an implied promise to pay for goods sold and delivered, and to enforce a material man's lien, all the defendants were proper parties.

3d. Because the case has been fairly tried and justice has been done, and another trial could only result in a judgment for appellee.

4th. Because the error complained of by the appellants, if it be an error, has been cured by the verdict.

The proof of the liability of the appellant is clear and over-whelming. No harm resulted to them because Oliver was sued also, and they cannot complain of the judgment against Oliver. The verdict against appellant is well supported by the evidence.

WHITFIELD, C. J., delivered the opinion of the court.

This is an action by M. R. Grant against Major Spann, T. M. Spann, and Albert Oliver, jointly. The declaration in this case contains two counts. In the first count, the plaintiff sought to charge defendants, jointly, for the value of the lumber alleged to have been sold and delivered to them at their request. The second count contains two parts. In the first part, plaintiff seeks to enforce a mechanic's lien for the lumber. In the second part of the second count, the plaintiff seeks to bind the amount alleged to be still in the hands of the owners—the two Spanns—and due to the contractor, Albert Oliver, under section 2714 of the Code of 1892. The testimony in the case demonstrated the fact that the Spanns had overpaid the contractor some $400. At the conclusion of the evidence, this occurred, as shown by the record. Counsel for appellee said: "For the purpose of facilitating the trial of the case, and in

order to get through with it, it is agreed that the second count of
the declaration will be withdrawn (that is, the part that I will
inclose in brackets on the declaration), and the case will be
submitted to the jury on instructions.    By the Court: Let it
stand upon the liability of Major Spann for his original under-
taking.    By counsel for appellee: That's it; yes, sir."    The
counsel for appellee urges in his brief that all that was meant
to be withdrawn was what we have denominated the second part
of the second count, but what we have just quoted from the
record clearly shows that the cause was tried alone on the first
count, as we have stated it; the only effort being to hold the
three parties jointly on the general count in assumpsit for lum-
ber sold and delivered.    Mrs. T. M. Spann was the owner of the
lot.    Major Spann was her husband, and acted as her agent.
Oliver was the contractor, and Mrs. Spann had nothing to do
with the contract for the building of the house, or with the
contract for the purchase of the lumber.    Plaintiff does not pre-
tend that she did.    Major Spann made the contract in writing
with Oliver, the contractor for the building of the house.    The
arrangement by which the payments were to be made was this:
That Oliver should order the lumber, and it was paid for by
checks drawn by Major Spann and indorsed by Oliver against
the fund in the bank, $4,100.    As the case went finally to the
jury, the only issue presented was, who was primarily liable for
the value of the lumber sued for.    Very much testimony was
taken on this point.    The plaintiff did not withdraw the second
count of the declaration until he discovered that Major Spann
had overpaid the contractor, Oliver.    A remarkable fact in the
case is that the plaintiff himself testifies that Oliver owes him
nothing, and the court, instead of leaving Oliver's liability to
the jury, gave a peremptory instruction to find for Oliver.
Oliver also made a motion for a new trial, but, for some un-
explained reason, withdrew it.    A careful consideration of the
whole case makes it perfectly plain that this was an effort to

declare upon a joint contract, and to recover upon a several one. If Oliver was a primary debtor, Spann was not, and yet the liability is declared on as a joint one, the suit was conducted throughout as a joint one, and when the proof disclosed beyond controversy that it was several, the court, instead of instructing the jury, as it ought to have done, to find for the defendants, the Spanns, allowed the case to go against the Spanns alone, after having given a peremptory instruction for Oliver, one of the parties alleged to have been primarily and jointly liable. The case of *Kimbrough* v. *Ragsdale,* 69 Miss., 674, 13 South., 830, controls the case. The court should have given the peremptory instruction asked by the Spanns. The effort to hold the Spanns seems to have been clearly an afterthought born of the insolvency of Oliver and his abandonment of his contracts.

*Reversed and remanded.*