STRACHAN *v.* BURFORD *et al.*

ATKINSON, J. 1. "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." Civil Code, § 4242; *Gormerly* v. *Chapman,* 51 *Ga.* 421; *Crine* v. *Davis,* 68 *Ga.* 138, 141; *Roberts* v. *Davis,* 72 *Ga.* 819, 824; *Burruss* v. *Smith,* 75 *Ga.* 710 (2); *Sanders* v. *Carter,* 91 *Ga.* 450 (2), 460 (17 S. E. 345); *Bluthenthal* v. *Moore,* 106 *Ga.* 424, 426 (32 S. E. 344). On principle it is immaterial whether the promisor or promisee initiated the negotiations which resulted in the promise.

(*a*) The foregoing does not conflict with the rulings of this court in

*Bush* v. *Rawlins*, 89 *Ga.* 117 (14 S. E. 886); *Davis* v. *Morgan*, 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171); *Dillard* v. *Dillard*, 118 *Ga.* 97 (44 S. E. 885); *Creswell* v. *Bryant Hardware Co.*, 166 *Ga.* 228 (142 S. E. 885); *Druid Hills* v. *Doughman*, 171 *Ga.* 521 (156 S. E. 229).

(*b*) No question of fraud in procuring the promise is involved in this case.

2. If an owner of a vacant building lot in a seashore subdivision, desiring to erect a dwelling-house on his lot, finds that the owner of the adjacent lot on one side has erected on his lot a high board fence of such character as would divert the sea breezes from the contemplated house as planned and proposed to be located, exhibits the plan of the house, and requests the owner of the adjacent lot to alter the fence so that it will not obstruct the breeze, and the latter promises to make the alteration, "one of the considerations moving" him to make the promise being that erection of the house would make his lot more valuable, and upon the strength of such promise the owner of the first lot erects the house, which otherwise he would not do, the promise is not void on the ground that it is without consideration. The language "one of the considerations moving," as thus employed, refers to the promisor, and, considered with its context as alleged in the petition as amended, is not an allegation of mere motive upon the part of the promisor (which generally is no part of the consideration of a contract (*Brosseau* v. *Jacobs' Pharmacy Co.*, 147 *Ga.* 185 (4), 93 S. E. 293), but refers to contemplation of the parties in their negotiations that enhancement of the value of the promisor's lot shall be a part of the consideration.

3. If after erection of the dwelling the fence is altered so as not to be an obstruction, and the adjacent owner undertakes to "again erect a high fence covering the windows" of the house, thereby causing irreparable injury, injunction will lie to prevent the building of the fence.

4. It is not alleged who altered the existing fence, nor is there any demurrer calling for allegations on that subject. Consequently the principle stated in *Johnson* v. *Ellis*, 172 *Ga.* 435 (9) (158 S. E. 39), that "No one shall derive a benefit from a violation of the law, or from a fraud practiced by himself or others to his own advantage," has no application.

5. The amendment to the petition was properly allowed, and the petition as amended alleged a cause of action.

6. The judgment was not erroneous for any reason assigned, in so far as it overruled the demurrer to the petition as amended and continued of force the restraining order.

*Judgment affirmed. All the Justices concur.*

No. 8301. DECEMBER 16, 1931.

825

*R. D. Meader,* for plaintiff in error.
*Reese, Scarlett, Bennet & Highsmith* and *John Gilbert,* contra.