LOUISIANA OIL CORPORATION *et al. v.* BRYAN.

(Division A. April 3, 1933.)

[147 So. 324. No. 30523.]

Green, Green & Jackson, of Jackson, for appellant.

J. W. Conger, of Winona, for appellee.

McGowen, J., delivered the opinion of the court.

Bryan, the appellee, sued the Louisiana Oil Corporation and J. D. Sibley on a written contract of employment. This contract was signed by Bryan and by J. D. Sibley, agent. In the body of the contract it clearly appears that Sibley was the agent of the Louisiana Oil Corporation, being so written several times.The suit was filed before a justice of the peace, and judgment was rendered against both Sibley and the Louisiana Oil Corporation; they appealed to the circuit court, and judgment was there rendered against the Louisiana Oil Corporation for the amount of the suit, one hundred eighty dollars. The evidence offered by Bryan, as plaintiff in the court below, was excluded as to Sibley, and thereafter the defendant introduced its testimony when Sibley had been eliminated from the lawsuit.

The court instructed the jury on behalf of the plaintiff that, if he recovered, the amount of the verdict would be one hundred eighty dollars. On behalf of the Louisiana Oil Corporation, the court granted an instruction that, if the plaintiff recovered, the amount of his recovery would be thirty dollars.

The written contract clearly showed that the Louisiana Oil Corporation was the principal therein; it provided

that either party might terminate the contract upon ten days' written notice to the other. The jury found that Sibley, as agent of the Louisiana Oil Corporation, discharged Bryan on the night of the 31st of December, 1931. Bryan received ninety dollars a month by the terms of the contract.

The appellant was not entitled to a peremptory instruction on the theory that it was not a party to the contract with Bryan. The contract and evidence clearly discloses to the contrary. The appellant insists that it was entitled to a peremptory instruction, for the reason that the suit is joint against the principal and its agent, Sibley. The appellee did not seek to establish joint liability. Appellant did not raise this question in the court below, and the suit stood dismissed as to the agent, rendering it unnecessary to amend the account filed in the justice of the peace court. It cannot raise it here for the first time. The cases of Kimbrough v. Ragsdale, 69 Miss. 674, 13 So. 830, and Spann v. Grant, 83 Miss. 19, 35 So. 217, are not applicable to the facts here revealed, but the point cannot be raised here for the first time. Pearl Realty Company v. J. H. Wells (Miss.), 145 So. 102.

It will be observed that the instructions are clearly contradictory and irreconcilable. The suit is based upon a failure to give the ten-day written notice to terminate the contract of employment. Oral notice was given on December 31st. In this situation the appellee, Bryan, was entitled to recover the sum of thirty dollars, three dollars per day for ten days. The breach of the contract was appellant's failure to give the written notice.

"Where the contract of employment expressly specifies that the employer may terminate the service at any time upon giving notice, a recovery is limited to the notice period." 18 R. C. L. 523; 39 C. J. 111, and authorities there cited.

Judgment will be entered here in favor of Bryan against the Louisiana Oil Corporation in the sum of

thirty dollars, in the event the appellee will enter a remittitur to that sum, otherwise the cause will be reversed and remanded.

Affirmed, with remittitur.