26122. SMITH *v.* CHICOPEE MANUFACTURING CORPORATION, etc.
26130. SLOAN *v.* CHICOPEE MANUFACTURING CORPORATION, etc.

DECIDED JULY 14, 1937. REHEARING DENIED JULY 28, 1937.

*Carl N. & Frank T. Davie, Frank B. Stow, A. O. Randall,* for plaintiffs.

*J. E. Palmour, Edgar B. Dunlap, W. K. Meadow, Spalding, Sibley, Troutman & Brock,* for defendants.

STEPHENS, P. J. 1. Where, as a result of difficulties between the employees of a mill and the employer, the mill was closed and the employees at the time were out of work, the employees, at the suggestion of the employer, appointed a committee of the employees to represent the employees individually and collectively in negotiating with the employer to settle the difficulties, to obtain better working conditions for the employees, and to obtain a contract with reference to wages and the duration of the employment; and where the employees, after receiving a request from the employer to return to work with the mill, with suggestions from the employer as to the conditions under which the employees should work, adopted resolutions which recited that whereas the mill had been closed for more than ten days on account of a strike caused by conditions which had arisen because of a "system of time study, which the employees have termed a stretchout," and the employees requested that the mill be reopened and they be permitted to return to work "with the time study abandoned for a period of two months," that at the end of two months the employer "be permitted to make a study of the point system for a period estimated to be six months with the full co-operation of all the employees," and that on the completion of the time study of the point system it should be instituted on certain conditions named, and that when so instituted the employees agreed to give it a fair trial for a period of six months, that during this six-months period and the two-months period preceding from the reopening of the mill, no employee should be discharged because of the strike or his participation therein, that for a period previous to the completion of the time study of the point system no employee's wages should be reduced where a full week's work had been performed, that during the six-months period for trying out the point system after the completion of the time study, no employee should be given more work than he could reasonably do, that certain designated privileges should be accorded the employees, and certain named conditions should govern the manner of the performance of the work; and where these resolutions were

accepted and agreed to by the employer, these resolutions as accepted and agreed to by the employer, whether they may be regarded as an agreement only as to the terms on which contracts of employment may be made, or whether they in themselves constitute a binding contract of employment between the employer and the employees, contain no binding obligation or agreement of the employer to employ any of the employees for any definite period of time, and contain no obligation or promise of any employee to work or continue in the employment of the employer for any definite period of time. The agreements by the employer to the time study or to the trying out of the point system for any definite period, and the agreement of the employees to give the point system, when instituted, a fair "trial for a period of six months," are not obligations binding the employer to retain in its employment any of the employees for any period of time, or binding the employees to work for the employer for the period of six months or for any period of time. The employer has promised to do the things named with reference to the point system for the periods of time mentioned, during the period of the contract, and the employees have promised, while in the employment, to work under the system referred to and give it a fair trial for the period of time designated. The provision that no employee will be discharged because of the strike or his participation therein is not an obligation on the employer to retain any employee in its employment. This provision in the contract contemplates a right in the employer to discharge any employee at any time, subject only to the restriction, if binding, that such discharge shall not be on account of the strike or the employee's participation therein. *Lambert* v. *Georgia Power Co.*, 181 *Ga.* 624 (183 S. E. 814); Code, § 66-101; Yazoo &c. R. Co. v. Webb, 64 Fed. (2d) 902; Hudson v. Cincinnati &c. R. Co., 152 Ky. 711 (154 S. W. 47, 45 L. R. A. (N. S.) 184, Ann. Cas. 1915B, 98); Davis v. Davis, 197 Ind. 386 (151 N. E. 134); *Burgess* v. *Georgia, Florida & Alabama Ry. Co.*, 148 *Ga.* 415 (96 S. E. 386); *Gary* v. *Central of Ga. Ry. Co.*, 37 *Ga. App.* 744 (141 S. E. 819); *Gary* v. *Central of Ga. Ry. Co.*, 44 *Ga. App.* 120 (160 S. E. 716). .

2. In suits by two of the employees, who are parties to the alleged contract, against the employer, in which it is alleged in

the petitions that the defendant breached the contract in discharging the plaintiffs, who had gone to work with the defendant under this contract, by closing down the mill before the expiration of the alleged term of employment, namely eight months, and in refusing to re-employ the plaintiffs on the reopening of the mill, to the plaintiff's damage in the value of the alleged unexpired term of the contract, the petitions failed to set out causes of action, and the court did not err in sustaining the general demurrers.

*Judgment in each case affirmed. Sutton and Felton, JJ., concur.*

### ON MOTION FOR REHEARING.

STEPHENS, P. J. The plaintiffs in their motions for rehearing insist that as there is a clause in the contract which states that no employee shall be discharged on account of the strike or his participation in the strike, that the allegation that "contrary to the terms of said contract, as aforesaid, the defendant corporation refused to accept or pay for plaintiffs' services, even after the defendant corporation had reopened its mill," as appears in paragraph 9 of the petition, must be construed as alleging that the plaintiffs were discharged on account of their participation in the strike, and therefore that their discharge was illegal, and constituted a breach of the contract. We held in the original opinion that nowhere in the contract are the plaintiffs bound to continue in the defendant's employment, and that therefore, there being no consideration other than mutual promises, the defendant was not bound to retain the plaintiffs in its employment, and that there was no obligation on the defendant to employ the plaintiffs for any length of time. As stated in the original opinion, "the provisions that no employee will be discharged because of the strike or his participation therein is not an obligation on the employer to retain any employee in its employment." Construing the petitions most strongly against the plaintiffs, as must be done, neither of the petitions is to be construed as containing an allegation that the plaintiff was discharged on account of the strike or his participation therein. In each petition, prior to paragraph 9, there are allegations that the plaintiff was employed for a period of time, such as eight months, and that he was discharged before the expiration of the term, by the shutting down of the mill and

298

a failure to re-employ the plaintiff after the mill resumed operations. The plaintiffs' complaints therefore are to be construed as based on their discharge by the defendant before the expiration of the plaintiffs' terms, and not on the specified ground that the defendant, notwithstanding the defendant was under no obligation to keep the plaintiffs for the term, discharged the plaintiffs on account of the strike. The motions for rehearing are denied.