## 26631. WEBB v. PULLMAN COMPANY.

DECIDED MARCH 16, 1938. ADHERED TO ON REHEARING APRIL 1, 1938.

*Douglas, Andrews & Cole, J. E. Feagin,* for plaintiff.
*Howell & Post,* for defendant.

STEPHENS, P. J. F. W. Webb, on May 7, 1937, sued the Pullman Company alleging that he was employed by the defendant as a plumber's helper under a written agreement which was handed him when he began work, a copy being attached to the petition; that he was to be paid seventy-four cents an hour and was to work forty hours each week; that in May, 1934, he attended an organization meeting of the Brotherhood of Railway Car Men, but did not take any active part and did not join the brotherhood; that on the following day he was informed by the manager of the shops

that he would be laid off temporarily because there was no work and a reduction of forces was necessary, and he would be called back when work picked up; that he was in fact discharged at said time in violation of the agreement, and all other shop employees who attended the meeting were likewise discharged; that during 1936, work had passed the level at which it was when he was discharged, and although he had continuously urged defendant to put him back to work, this has not been done and another man is working in his job; that he was deliberately deceived by the agent of the defendant as to why he was being laid off, so that he would not take advantage of the provisions in rule 16 (b), (c), and (d) of the agreement; that by his wrongful discharge he suffered damages in the sum of $4440, representing his lost earnings from the time of the wrongful discharge to the date of filing suit; that the defendant had no cause to discharge him, and the sole reason he was fired was his attendance on the meeting.

The agreement attached to the petition contained the following provisions: "Rule 7 (b). Should a reduction in working forces become necessary in any department, consideration will be given to efficiency, length of service, and employees having families or dependents, in selecting those to be retained in the service, and the same factors will apply in the restoration of forces. . . (d). Five days notice will be given to the employees affected before a reduction in force is made. . . Rule 16 (a). Suggestions, recommendations, and grievances and all other questions which arise as to working conditions under these rules and such other matters as may be of importance to the welfare of the employees shall be handled in accordance with the plan of employee representation. (b). The right of the Pullman Company to suspend or discharge an employee at any time for incompetency or other just and sufficient reasons is recognized, as is also the right of an employee to a fair and impartial hearing at the earliest possible date as to the cause and justification for suspension or dismissal, provided such hearing is requested by such employee or any of his representatives on the local committee under the plan of employee representation within 30 days from date of such suspension or discharge. If such hearing is requested and held and it is found that the employee has been unjustly discharged or dealt with, such employee shall be reinstated, and compensated for the wage loss, if any, suffered by

him or her. (c). Should an employee subject to this agreement believe that he has been unjustly dealt with, or any of the provisions of this agreement have been violated, he may appeal to his foreman, and failing satisfactory adjustment, he may proceed as follows: (d). He may refer the matter to the local committee, this committee to take it to the foreman, general foreman, district superintendent, shops manager, etc., up to the highest local officer of the company designated to handle such matters. Failing satisfactory adjustment the local committee will refer the matter to the general committee under the plan of employee representation, and failing satisfactory adjustment, to the bureau of industrial relations, with right to appeal as provided by law. . . (f). Grievances and requests for conferences shall be submitted in writing and must be signed by employee or employees making the complaint or requesting the conference, and conference shall be granted within ten days from date of application. Conference between foreman and local committees will be held promptly."

The plaintiff amended his petition by adding two paragraphs, one of which alleged that the defendant breached the agreement and discharged him without having previously given the five days notice as provided in Rule 7(d) of the agreement, and that his discharge along with the other employees who attended the meeting constituted a reduction in force within the meaning of Rule 7(d), and that under said provision the plaintiff was entitled to said notice before being discharged. The second paragraph of the amendment to the petition alleged that at the time he was laid off he was informed by the manager of the shops that he would be called back to work when work picked up, but that said statement was made intentionally to mislead the plaintiff and was a subterfuge on the part of the defendant to deceive the plaintiff and to conceal from him the fact that he had been permanently discharged; that thereafter he returned to the place of business and attempted to see his foreman but was denied admittance upon the premises by the gate keeper who was instructed by the defendant not to allow the plaintiff to come upon the premises, that at the time he was refused such admittance he was told by the gate keeper that he would be called when he was needed and could be used; that this action constituted a continuation of the scheme to deceive him and prevent him from applying to his foreman and the

local committee as provided under the provisions of rule 16 (b); and that this conduct on the part of the defendant deceived him and caused him not to realize that he had been discharged, and prevented him from making such application until the time provided for the same had elapsed. The defendant demurred generally on the ground that no cause of action was set out. The court sustained this demurrer and the plaintiff in his bill of exceptions assigns error.

■ It appears from the above statement of the pleadings that the plaintiff made two claims, one for the wrongful discharge and the fraudulent concealment of the cause thereof, and the other for being laid off in a reduction of force without being given the five days notice required in the agreement. These two claims are necessarily inconsistent in that one alleges a discharge which was totally unjustified while the other alleges that he was laid off without receiving five days notice. This inconsistency would not authorize the court to dismiss the case on general demurrer, because misjoinder and duplicity are grounds of special demurrer only. Hence it is necessary to consider whether either of the theories relied on by the plaintiff sets out a cause of action sufficiently to withstand a general demurrer. A servant employed without a mutual agreement as to the duration of the term of service may be discharged at the will of the employer. The original petition did not allege that the plaintiff was employed for any specified time, and therefore it was subject to general demurrer. *Smith* v. *Chicopee Mfg. Co.*, 56 *Ga. App.* 294 (192 S. E. 481). The amendment, however, sets out a special provision in the contract relating to any reduction of force by the employer, under which any employee who is laid off for that reason must be given five days notice. A person who accepts employment on that condition and continues to work up to the time when he is laid off and offers to continue at work has done all that the contract requires of him and has earned the right to have the five days notice. In such a case the contract for the notice is not wanting in mutuality and is not without consideration. A nudum pactum becomes binding when one party performs his part and the other party gets the benefit of such performance. Bishop on Contracts (2d), § 87; *Strachan* v. *Burford*, 173 *Ga.* 821 (162 S. E. 120); *Whilley* v. *Powell*, 47 *Ga. App.* 105 (169 S. E. 766). The evident intention

of the agreement to give five days notice was to prevent a sudden discharge, throwing the employee out of work without a chance to find other employment, and possibly without any means of liv-' ing even for a few days. As far as it went, it was a just and humane provision. In effect it meant that if the worker had to be laid off without fault on his part, on account of the employer's wish to reduce his force, the worker should know of it in advance, or in default of notice, should receive extra compensation to the amount of five days wages. See *Haag* v. *Rogers,* 9 *Ga. App.* 650 (2, 3) (72 S. E. 46). The allegation as to being laid off without notice clearly sets up a breach of the contract, and the damages claimed by the plaintiff are for lost time from the date of his discharge up to the date of filing suit, and the petition alleges plainly that the plaintiff under the contract was earning seventy-four cents an hour and worked forty hours each week. While it is true that the plaintiff under these allegations might be entitled to recover for only five days lost time he can not be thrown out of court merely because his loss was small. See Louisiana Oil Co. *v.* Bryan, 165 Miss. 157 (147 So. 324). Furthermore, the breach of a contract gives the right to recover at least nominal damages, and a suit for such a breach can not be dismissed on general demurrer for the reason that no substantial damages are alleged. *Kenny* v. *Collier,* 79 *Ga.* 743 (8 S. E. 58); *Williams* v. *Rome Railway & Light Co.,* 4 *Ga. App.* 370 (61 S. E. 495); *Electric City Brick Co.* v. *Minter,* 38 *Ga. App.* 583 (144 S. E. 824). Since the plaintiff claims damages for loss of time between his discharge and the filing of the suit, that necessarily includes the five days immediately succeeding his discharge. This part of his petition was good as against a general demurrer. *Gary* v. *Central of Ga. Ry.,* 37 *Ga. App.* 744 (141 S. E. 819).

Although one ground of recovery alleged by the plaintiff was insufficient in law, this would not justify the court in dismissing the petition. The rule is that if one part of a petition is good in substance and another part bad a general demurrer must be overruled. *Sutton* v. *Adams,* 180 *Ga.* 48 (178 S. E. 365); *Field* v. *Jones Mercantile Co.,* 182 *Ga.* 142 (3) (184 S. E. 882). The court erred in sustaining the demurrer.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I do not think there was such a performance of the contract on the part of the employee as would supply mutuality of consideration for the entire contract, assuming that there was one, for the reason that the rule of supplying the consideration subsequently to the making of the contract relates to instances where a party performs what is expected of him under the circumstances, and this means what could have been required of him if the contract had been mutual at the outset. In this case the employee agreed to do nothing, and by working a short time and offering his services continuously he can not be said to have done what was expected of him under the so-called agreement. A further basis for the rule which we think has been misapplied in this case is that the so-called agreements which are said to lack mutuality are mere continuing offers and not complete contracts. In such cases where the offeree accepts the offer before it is withdrawn, by actually fully performing what he is expected to do, he is said to supply the lack of mutuality. That is not this case. See *Peeples* v. *Citizens National Life Insurance Co.*, 11 *Ga. App.* 177 (74 S. E. 1034). If the employee in this case had had a valid and binding contract there might be merit in his contentions, but since he agreed to work for no definite period he was subject to discharge at the will of his employer.