EATHERLY *v.* WINN *et al.*

(Division A. May 29, 1939. Suggestion of Error Overruled June 12, 1939.)

[189 So. 99. No. 33729.]

Ernest Kellner, of Greenville, for appellant.

G. Ramsey Russell and Wynn, Hafter & Lake, all of Greenville, for appellees.

Argued orally by **J. A. Lake, Jr.**, for appellees.

**McGowen, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court disallowing and denying the probated claim of the appellant, Wilson R. Eatherly, for taxes paid on February 1, 1938, by the appellant, which he claimed in his petition was the debt of the decedent and payable out of the funds of her estate. On January 11, 1938, Mrs. Annie P. Eatherly died testate. Appellees, Eustis H. Winn and John C. Bridges, were named in the will as executors and the will had been probated prior to February 1, 1938.

For the reason that a decision of this case requires an examination of the will, certain items thereof, and digest of others, are as follows: "Item 1. I desire that all my just and legal debts be paid as soon after my death as possible by my executors hereinafter named, but to be paid as hereinafter directed."

In Item two there was bequeathed to Virginia Eatherly Owens certain jewelry.

"Item 3. I give to Edward C. Hargrave the sum of $3,000.00, which sum shall be paid to him by my executors after all my debts shall be paid."

Item four devised a certain store building to Cary M. Payne.

Item five devised to Raburn Eatherly a one-third interest in certain real property.

"Item 6. I am the owner of the major portion of Sections 17 and 18, Township 19, Range 8 West, Washington County, Mississippi, which lands are subject to the lien of a deed of trust executed by W. R. Eatherly and myself on the 28th day of December, 1925, for the use of First Joint Stock Land Bank of New Orleans, and which deed of trust is of record in the office of the Chancery Clerk of said county in Mortgage Book 209, page 111, et seq., and there is now owing and secured by said deed of trust about the sum of $30,000.00. I hereby devise to Wilson R. Eatherly, son of L. R. Eatherly and Lois Eatherly, all that portion of said Section 17, Township 19, Range 8 West, which is included in and described in said deed of trust; however, said land so devised shall be and is hereby specifically charged with one-half the amount owing to said First Joint Stock Land Bank of New Orleans, and said one-half of said debt shall be paid by said Wilson R. Eatherly. Possession of said land shall be delivered to said Wilson R. Eatherly at the end of the year in which my death may occur, unless my death should occur prior to April in any year, then, and in that event, that is, if I should die prior to April in any year, he shall be entitled to *possession of said land immediately after the probate of this will.*" (Italics ours).

Item seven devised to Luther M. Winn certain land.

Item eight provides for a marker to be placed at the head of her grave.

"Item 9. All the rest, residue and remainder of my estate, of every description, I devise and bequeath to my granddaughter, Anne Hargrave Bridges. I suggest that she sell, as soon as may be practicable, the lands in Washington County, Mississippi, known as 'Oakwood Plantation.' "

"Item 10. I hereby nominate and appoint John C.

Bridges and Eustis H. Winn executors of this will, with full power and authority to carry out all the provisions herein contained. And I do direct that they shall not be required to enter into any bond nor to make any report or accounting to any court of any of their acts as such executors. In case either of them shall die or refuse to act as such executors, then the survivor or other one shall act fully herein. And said executors are herein and hereby authorized and empowered to make a renewal of the deed of trust hereinbefore mentioned, or to borrow money with which to pay off the debt secured by said deed of trust and to execute a deed of trust on the lands conveyed by said deed of trust hereinbefore mentioned for the purpose of securing a sufficient amount to pay off said deed of trust and the cost and expense of obtaining a loan.

"In the event of any disagreement between said executors as to any matter or policy in the execution hereof, such disagreement shall be submitted to Ben. F. Wasson for his opinion or decision, and the opinion or decision of said Ben F. Wasson, in writing, shall be decisive of such agreement and they shall act in accordance therewith. However, it is my desire and hope that said executors may be able to, and will, act in perfect harmony in all matters with which they may have to deal."

This section further provided that Winn, as executor, should be compensated, and that John C. Bridges should not receive compensation because his wife is the principal beneficiary therein. This will was executed December 11, 1937. Subsequent to the time of the will and before January 1, 1938, the testatrix executed two codicils which in no way affects the question herein involved.

By his petition, the appellant alleged that he had paid the taxes for the year 1937 on Section 17 devised to him, amounting to $971.75, and had duly probated his claim therefor against the estate of said testatrix; that the executors refused to pay the claim and that he had paid the taxes due on the land devised to him in order to

protect his interests therein. The probated claim shows that drainage taxes amounting to $97.36 are included therein.

The executors, the appellees here, answered the motion and set up that under the terms of the will the executors had disagreed as to whether said taxes should be paid or not, and that pursuant to the provision of Item ten of the will, said disagreement was submitted to Ben. F. Wasson and he had rendered a written opinion that said taxes should not be paid by the estate of Annie P. Eatherly, that said decision was a final and complete determination of the question, and binding upon all the parties. The executors further set up that under Section 3122, Code 1930, the taxes became a personal debt owed by Wilson R. Eatherly immediately upon the death of Annie P. Eatherly, and that, if the decedent were liable for any portion of the taxes, it would only be one-half thereof. The oral evidence offered on the trial of the case showed that the personal property was sufficient to pay the debts, and that this claim herein issued had not been paid.

Winn, one of the executors, testified that he desired to pay the claim, and Bridges did not. They submitted this difference to the umpire, Wasson, who gave a written opinion that the claim should not be paid. The opinion of Wasson was not offered in evidence, but there was no objection to the oral evidence as to its contents.

The chancellor held: (1) that from all the provisions of the will, the testatrix did not intend to burden the land devised to her granddaughter with the taxes against the land given to petitioner; (2) that the decision of the umpire was binding on the appellant; and (3) that under Section 1643, Code 1930, the rent of lands accruing during the year of the death of the testatrix, for the year 1938, was an asset of the estate, and, if the executors were compelled to pay taxes, they could require Eatherly to pay rent for the land for the year 1938.

At the time of her death, the testatrix herein owed the state and the taxing power the taxes due on the land for

the preceding year, 1937. The taxes were a lien against the land on and after January 1, 1937. She retained and had possession of it during that entire year. These taxes were due and owing by Mrs. Eatherly on and after December 15, 1937. See Section 3229, Code 1930. The taxes were a debt accrued against Mrs. Eatherly at the time of her death and prior thereto, and she was subject to an action for debt. Section 3122, Code 1930.

In no uncertain terms, the will herein directs the executors to pay her just and legal debts, and there is no provision of the entire will that in the slightest degree indicates that she had any intention to impose a tax burden upon any of the lands devised by her to the several parties named in the will. The provision in Section one thereof as to the payment of her just and legal debts certainly includes directly and affirmatively taxes which were imposed by the law upon her as her debt. By Item six, the testatrix devised to W. R. Eatherly, appellant here, Section 17 and burdened the land with one-half of the mortgage debt, or about $15,000, and then made clear that she imposed no further burden on the appellant with regard to this land, because she provided that if she died prior to April in any year, he should be entitled to possession of said land immediately after the probate of the will. She died on January 11, 1938, and the will was probated during that month. She therefore invested him with the right of possession, as well as the title to the land, so that the will of the testatrix was that the rent of the land, under the circumstances here, was devised to this appellant.

The testatrix further recited in the will that the residuary devisee and legatee was a principal beneficiary therein; for instance, it is clear that Section 18 was under the lien of a mortgage at the time of her death, to the amount approximately of $15,000, yet she did not charge this residuary devisee with any of that debt as she did the appellant here with reference to the land devised to him. In other words, from the terms of the will, it is

manifest that the appellant took the lands upon which he paid the taxes here subject only to the mortgage debt described in Section six. The will directs the executors to pay her just and legal debts. Section 1675, Code 1930, requires an executor or administrator to pay all taxes due on the property of an estate. Section 1643, Code 1930, makes the personal estate of a decedent primarily liable for debts of the deceased whether testate or intestate. Here the personal estate was sufficient therefor, and it is so admitted in this case, in the absence of a direction in the will to the contrary. The only contrary provision directly in point is the charge upon the lands of the appellant for the mortgage debt. There is no intimation in the entire will, nor in any section, item, or sentence thereof, that indicates any other intention on the part of the testatrix. There is no basis in the instrument here before us upon which an intention of the testatrix to free herself from this debt is intimated.

It is said that the decision of Wasson named as umpire in Section ten is conclusive upon this appellant as to his probated claim. There are two obvious reasons why the decision of the umpire cannot control in this case. (1) There was only to be submitted to Wasson for settlement a disagreement between the two named executors as to any matter or policy in the execution of the will, and the executors were required to act in accordance therewith, followed by the expression: "However, it is my desire and hope that said executors may be able to, and will, act in perfect harmony in all matters with which they may have to deal." It is our opinion that this power vested in Wasson as umpire only brought about, and was intended only to bring about, harmony between the executors, and the umpire was not invested with the power to construe the will except as indicated above. In other words, the decision of Wasson was the equivalent of bringing about an agreement of the two disagreeing executors, and the matter stood as if they had agreed not to pay the probated claim in the first instance.

(2) The second reason is that Wasson, as umpire, has decided contrary to the manifest intention of the testatrix —that her just and legal debts be paid by her executors. There is nothing in the entire will contrary to this manifest intention. It was their duty to have paid the taxes which had accrued and become due in the year 1937. See Section 1675. The general rule is that taxes or debts on realty which are assessed and become due before decedent's death, are payments primarily from the personalty, even though thus to do would reduce or defeat specific or residuary legacies. See Gordon v. James, 86 Miss. 719, 39 So. 18, 1 L. R. A. (N. S.), 461; Anderson v. Gift, 156 Miss. 736, 126 So. 656; Gidden et al. v. Gidden, 176 Miss. 98, 167 So. 785; and 24 C. J., p. 460, sec. 1262, especially last paragraph.

The appellant was not a volunteer, he paid these taxes on the first day of February, 1938, to prevent a forfeiture of the land. He became subrogated to the rights of the state. See Prestridge v. Lazar, 132 Miss. 168, 95 So. 837.

If the umpire in this case was vested with the power to determine whether or not from the will the debt for taxes was due by the estate, we are of the opinion that his decision in this case is contrary to the express unambiguous and unequivocal direction of the will, as well as of the statute, and there can be found in the will no plausible reason for deducing therefrom that the testatrix intended to charge the lands devised to the appellant with the taxes for a past year. It was her debt, fully matured, and not the debt of the appellant.

While we look with favor upon the decisions of an umpire, named as such in a will, invested with the power to determine the questions that arise in the construction of a will, when the umpire decides contrary to the terms of the will as in this case and also contrary to the existing statutes and the plain law of this state with reference thereto, then the decision of the umpire cannot stand. This seems to be the general rule as to the decisions of umpire vested with power so to do by the weight of au-

thority elsewhere. In 69 C. J., Sec. 1166, p. 124, is found this statement with reference to umpires named in wills: "Such decision may not be contrary to the plain intention of the testator, nor contradict a clear provision of the will. . . . where he (the umpire) violates some statutory requirement on which the dissatisfied party had a right to rely," his decision cannot control. See Pray v. Belt, 1 Peters 670, 7 L. Ed., p. 309. In McBrayer, Ex'or, v. McBrayer's Ex'x, 95 Ky. 475, 26 S. W. 183, it is said that the decision of the umpire will not authorize a construction of the will as given by the widow (final umpire) to be followed so as to destroy, devise, or change the intent of the testator.

From what has been already said, we conclude that it was the primary duty of the executors of this estate to pay the probated claim insofar as it constituted a debt of the estate of the testatrix, and therefore the payment by the devisee of the taxes on his land to prevent forfeiture thereof entitled him to recover the amount of the claim, in the condition of this estate, from the executors. He paid the taxes to prevent the forfeiture of the lands by sale, and was subrogated to the rights of the state in so doing. Neither is there any merit under the views already expressed in the contention that the executors would be entitled to offset the rents of the land for the year 1938 against the payment for taxes, which accrued and were due against the estate for the year 1937 because the testatrix in the case at bar specifically devised the land, the title to the land, and the right of possession to the appellant, and this she had a right to do so long as her personalty was sufficient to pay the debt here claimed. And therefore the provision of Section 1643 that the rent of the lands accruing during the year of the death of the decedent, whether she died testate or intestate, shall be a part of the personal estate of such decedent, has no application under the terms of the will herein. The right of possession granted in the will to appellant also granted him the rents accruing for the year in which she died,

her death having taken place before April 1st of that year. The fact is that the appellees did not set up this contention as a defense to this claim.

There is in the probated claim an item for drainage taxes, which does not become the debt of the owner of the land for which suit might be brought (see Nickey v. State, 167 Miss. 650, 145 So. 630, 146 So. 859, 147 So. 324), and therefore the claim for drainage taxes should be deducted from the amount of the probated claim, and the decree here will be for the amount thereof, less the drainage taxes, in favor of the appellant.

Reversed and decree here for the appellant.