33900.   SNYDER *v.* SAVANNAH UNION STATION
COMPANY.

DECIDED MARCH 10, 1952—REHEARING DENIED APRIL 4, 1952.

*Lewis L. Scott,* for plaintiff.

*Anderson, Connerat, Dunn & Hunter, James Houlihan,* for defendant.

GARDNER, P.J. 1. On October 3, 1951, the court sustained the general demurrer of the defendant to the original petition and to the same as amended by the first amendment. The plaintiff did not except to this ruling, which was final; but on October 5, 1951, without moving to vacate or set aside the said judgment of October 3, 1951, sought to further amend his petition, which the court allowed subject to demurrer and objection. Said order

of October 3, 1951, was final and there was nothing pending in court to be amended. The plaintiff should have sought to have the same vacated or have excepted directly to that judgment. The exception here is to the order of October 22, 1951, sustaining the defendant's renewed demurrer of October 19, 1951, to the original petition as amended by the two amendments, which order dismissed the petition as amended. The bill of exceptions was presented on October 25, 1951, but the exception is to the judgment of October 22, 1951, sustaining the demurrer of October 19, 1951, and not to the judgment of October 3, 1951, which was 22 days previous thereto.

There is no motion to dismiss the bill of exceptions, but the order of October 22, 1951, is surplusage, as the case had been terminated by the order of October 3, 1951, sustaining the general demurrer to the petition as first amended. The bill of exceptions was not within the time required by law to except to this judgment. The judgment excepted to was the order of October 22, 1951. There was no proper exception before this court for its determination.

2. The petition originally, as first amended, and as amended the second time, failed to allege a cause of action for the damages sought or for a breach of the contract of employment. Each of the judgments was correct. The original petition alleged that the contract of employment was for an indefinite period of time. Where one hires another for an indefinite time, such employment "may be terminated at will by either party." Code, § 66-101. The petition alleges that the plaintiff was employed in June, 1948, by the defendant as a "red cap" porter "for an indefinite period." In the first amendment the plaintiff did not strike the above from the petition, but specifically reiterated "all of the allegations stated in his original petition." In the second and last attempted amendment to his petition (made after the defendant's general demurrer to the original petition as first amended had been sustained and the case terminated by the judgment on general demurrers), the plaintiff again reiterated "each and every material allegation contained in his original and amended petition." In this pleading the plaintiff did allege that the defendant had in its employ several other porters and that none of the porters (including him) was hired by the month, but all were

employed "for a longer period," and that this was the custom of the defendant. However—considering the original petition along with both these amendments thereto—the pleadings of the plaintiff alleged specifically that he was hired for an indefinite time, but it does not appear that there was any employment for any fixed time. This was insufficient to show that the plaintiff was hired for a definite period. The petition—considering all amendments as proper—shows that the plaintiff was hired for a longer time than a month, although paid by the month, and specifically sets out that such employment was for an indefinite time. Therefore, under the above Code provision, such employment could be terminated at will by either party, and, considering the amendments, after the plaintiff had been employed exceeding·one month, his employment could be ended at the will of the defendant without liability, and with or without cause. See *Odom* v. *Bush*, 125 *Ga.* 184 (53 S. E. 1013). This is true although he was·employed at a fixed salary monthly. *Odom* v. *Bush*, supra. See also *Mondon* v. *Western Union Tel. Co.*, 96 *Ga.* 499 (23 S. E. 853). "An employee under a contract of hiring, indefinite in its duration, may lawfully be discharged at the will of his employer. A discharge under such circumstances affords no cause of action for breach of contract." *Lambert* v. *Georgia Power Co.*, 181 *Ga.* 624 (183 S. E. 814). Such a contract is not capable of enforcement. "An executory contract of service for no fixed period of time is obviously too indefinite to be capable · of enforcement." *Odom* v. *Bush*, supra, p. 189. That the employer had no just cause does not alter this rule. *Smith* v. *Chicopee Mfg. Corp.*, 56 *Ga. App.* 294 (192 S. E. 481). There was no such situation here as appeared in *Webb* v. *Pullman Co.*, 57 *Ga. App.* 772 (196 S. E. 477), after the petition there had been amended. No question as to notice appears. See *Marietta &c. Railroad* v. *Hilburn*, 75 *Ga.* 379; *Odom* v. *Bush*, supra; *Allgood* v. *Feckoury*, 36 *Ga. App.* 42 (135 S. E. 314). The petition does not allege that the defendant discharged the plaintiff without notifying him 30 days before doing so or without paying him at least one month's wages, which would be equivalent to the notice referred to in *Marietta &c. Railroad* v. *Hilburn*, supra, and *Odom* v. *Bush*, supra. No such situation as appears from the facts of *Webb* v. *Pullman Co.*, supra, is set out in the petition, considering either of the amendments thereto.

However, the attack sought to be made by the plaintiff on the rule or regulation of the defendant employer, under which rule the plaintiff evidently accepted employment with the defendant and with knowledge continued therein from June, 1948, until May 26, 1951, is without merit, and such rule was not illegal or so unreasonable as to be unenforceable. This rule was that an employee against whom three successive garnishments were served was subject to be discharged. This rule was a salutary and sound one and was designed to prevent the defendant from having to be concerned with many writs of garnishment, relative to money owing by its employees, entailing much detail book work and considerable annoyance, and also such rule encouraged its employees to pay their debts and not to be dilatory with reference thereto. Under the present garnishment law, the wages of an employee, in the hands of his employer, cannot be subjected to garnishment until there has been a judgment rendered against the debtor employee; and if the claim is incorrect, the employee can defend the same. The fact as alleged by the plaintiff, that he was not personally served with the suit, the judgment in which was the basis of the third garnishment, will not render the termination of his indefinite employment contract by the defendant employer illegal and wrongful. Besides, a copy of the suit was left at the plaintiff's residence. The fact that he did not see the same or know thereof would not necessarily invalidate the judgment rendered. See Code, § 81-202.

We have dealt with the questions of law under the facts as shown by the record. In doing this, we are not unmindful that what we have said is unquestionably obiter dictum. This is true for the reason that the defendant was never properly before this court on any judgment rendered by the trial judge in the case. However, we dislike to dismiss a case on our own motion where no motion to do so is made by counsel, as in this case. The record reveals that the general demurrer was sustained on October 3, 1951, and no exception was made thereto within the time prescribed by law.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*