## 48532. LAND v. DELTA AIR LINES, INC.

HALL, Presiding Judge. R. F. Land, Jr., formerly employed by appellee Delta Air Lines, Inc. (hereinafter, "Delta") as a freight service agent at a salary of $156 per week, paid twice monthly, brought a $1 million damage suit against Delta for wrongful discharge alleging that Delta had breached an oral contract with him for his employment for the term of his natural life or until his retirement. Land appeals from the trial court's grant of summary judgment for Delta on grounds that no such lifetime employment contract had been made adequately to appear.

Though the record reflects that Land's incapacity to work, which resulted in his discharge, stemmed from an on-the-job injury, Land had been awarded some 400 weeks of compensation under the Georgia Workmen's Compensation Act up to $18,000 or until an improvement in his condition occurred. It is Land's position that no workmen's compensation question is involved in this appeal.

The controlling statute is Code § 66-101: "Term of employment. — That *wages are payable at a stipulated period raises the presumption that the hiring is for such period;* but if anything in the contract shall show that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. An *indefinite hiring may be terminated at will by either party.*" (Emphasis supplied.)

In absence of a controlling contract between the parties, employment for an indefinite period — a "permanent job" — is terminable at the will of either party, and a discharge in such circumstances affords no cause of action for breach of contract. *Lambert v. Georgia Power Co.,* 181 Ga. 624 (183 SE 814); *Elliott v. Delta Air Lines, Inc.,* 116 Ga. App. 36 (156 SE2d 656); *Snyder v. Savannah Union Station Co.,* 85 Ga. App. 851 (70 SE2d 382); *Smith v. Chicopee Mfg. Corp.,* 56 Ga. App. 294 (192 SE 481).

Land alleges in his unsworn amended complaint that Delta lured him away from the armed services, where he had "lifetime" employment, and offered him "lifetime" employment with Delta, which meant he had a right to stay until death or retirement. However, in his answers to interrogatories, he states only that he "quit the Air Force in order to accept a permanent job with Delta Air Lines." He states in answer to a Delta interrogatory that "I *assumed* the date of my employment was to have continued until I retire, which would have been at age 65. *All orientation classes stress the fact that employment was permanent.* I had already completed my probation period." (Emphasis supplied.) Finally, in his affidavit in opposition to Delta's summary judgment motion Land states "Deponent's mother talked to some official at the Delta Air Line [sic] and he was promised a job for life at Delta Air Lines before he gave up his job in the United States Air Force. He came out of the service expressly to take employment with Delta Air Lines, for the duration of his life. All through Deponent's indoctrination and probation period he was told by the persons handling the orientation class that his employment was for life."

Thus, the most specific allegation of this "lifetime" employment contract comes in the affidavit, in which he states that his mother reached such an agreement with "some official." However, to the extent to which the affidavit refers to conversations between the unnamed official and Land's mother, it is infirm as hearsay, and these assertions are inadmissible even in this affidavit (see *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864)), and we must disregard them.

Land's allegations of a lifetime employment contract are insufficient as a matter of law to overcome the statutory presumption that his indefinite hiring was terminable at the will of either party, and therefore he raises no genuine issue of fact. Because we find that no such contract has been made to appear, we need not consider the possible impact upon such contract of the Statute of Frauds, nor the effect, if any, of Land's Workmen's Compensation award upon his alleged cause of action here.

Delta was entitled to summary judgment and the court below committed no error.

*Judgment affirmed. Evans and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 14, 1973 — DECIDED OCTOBER 26, 1973 — REHEARING DENIED NOVEMBER 14, 1973.

*Grace W. Thomas,* for appellant.
*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for appellee.